[L. A. No. 11162.   In Bank.—June 24, 1931.]

JULIUS  H.  BERNSTEIN, Respondent,  v.  DOROTHY
SIROTTA, Administratrix, etc., Appellant.

Van Lee Hood for Appellant.

Philip Cohen and Alfred J. Smallberg for Respondent.

SEAWELL, J.—Henry N. Sirotta, doing business under the name and style of Queen Ribbon Company, appealed from a judgment for plaintiff, Julius H. Bernstein, in the sum of $2,619.63. Pending said appeal Sirotta died and Dorothy Sirotta, administratrix of his estate, has been substituted as defendant and appellant. References hereinafter made to the "defendant" are intended to apply to said Henry Sirotta, rather than to the substituted defendant and appellant.

By a contract entered into on January 20, 1926, defendant, the owner of a wholesale business dealing in laces, ribbons and handkerchiefs, employed plaintiff, who then was and for a long time prior thereto had been in his employ, as a buyer and salesman for an additional period of two years, terminating on December 31, 1927, and plaintiff agreed to accept such employment. By the terms of the agreement plaintiff was to receive as compensation for his services $10,200 in cash, payable in semi-monthly installments of $212.50, and, in addition thereto, "twenty per cent of the net annual earnings or profits of the above business, same to be based on a statement of account covering the annual fiscal years of said business, beginning January 1st, ending December 31st", said statement to be made and submitted by a certified accountant not later than January 31st of each year. The paragraph relating

to plaintiff's right to a twenty per cent share in the profits further provides: When the amount of the above said twenty per cent of the net annual earnings or profits shall have been ascertained, at least three-fourths thereof shall be set aside and remain in said business until the time of the termination of this agreement, at which time it shall be due and payable to the party of the second part [plaintiff]. . . . The other one-fourth may, at the election of the party of the second part, be drawn out at any time."

The agreement also recites that in accordance with an accounting had between the parties as of the date thereof, it was agreed between them that there was due plaintiff the sum of $1,000 on account of his share of the profits of the business accumulated prior to December 31, 1925, but that said $1,000 should remain in the business until the termination of the contract of employment. Should the parties agree to form a partnership said sum, together with the three-fourths of plaintiff's share of the profits which was not to become due and payable until the termination of the contract of employment, was to be applied by plaintiff as a payment for a one-fourth interest in the business.

In the action herein, brought after the termination of the contract of employment on December 31, 1927, plaintiff sued to obtain an accounting and judgment for his twenty per cent share of the profits of the business, the amount of which he was unable to ascertain for the reason that defendant had denied him an inspection of the books; to recover the $1,000 due him which was to remain in said business until the termination of the contract, together with interest thereon; and also to recover the sum of $200, which plaintiff alleged he had advanced to defendant for and on behalf of defendant's business at different times and which defendants had agreed to repay. The semi-monthly cash payments which plaintiff was to receive under the contract were alleged to have been duly paid to him.

The court found that twenty per cent of the profits for the year 1926 was $1648.39; that during the year 1927 the business suffered a loss, but plaintiff was chargeable with no part thereof; that plaintiff was entitled to recover the sum of $200 which he had advanced for and on behalf of defendant's business under an agreement that he should

be reimbursed for advances thus made; and that he was entitled to the $1,000 which he had left in the business, with interest in the sum of $183.79. The court further found that of the amount of $1106.93 which defendant claimed plaintiff had withdrawn and should be charged with, $694.38 represented withdrawals on account of travel and automobile expenses of the business, and only the balance of $412.55 should be charged against plaintiff's personal account. In accordance with said findings, the court entered judgment for $2,619.63, from which this appeal is prosecuted.

As noted above, there was a profit for the year 1926, but in 1927 the business was operated at ·a loss of over $5,000. Defendant contends that the contract, equitably construed, permits a deduction of the losses for the year 1927 from the profits for the year 1926, and the calculation of the plaintiff's twenty per cent share of the balance of profits thus figured. By estimating plaintiff's share in such a manner defendant would charge him with twenty per cent of the loss for the year 1927. The court below rejected this interpretation and we cannot disturb its conclusion. Indeed, the provision quoted above is subject to no other possible interpretation than that placed upon it by the court below. The contract provides that plaintiff shall receive "twenty per cent of the net annual earnings or profits, same to be based on a statement of accounting covering the annual fiscal years of said business, beginning January 1st, ending December 31". This language clearly indicates that plaintiff was to receive twenty per cent of each year's earnings. The fact that three-fourths of his share was not to become due and payable until the termination of the agreement, does not effect the provision that the amount then to be paid was to be computed on annual earnings. The authorization to plaintiff to withdraw the remaining one-fourth at any time, conclusively shows that the parties did not intend that plaintiff's share should be computed at the end of the two-year period on the profits thereof, since if that were the case it would have been impossible to have ascertained the one-fourth which plaintiff, at his election, was privileged to draw out "at any time".

■ Neither any one provision, nor the agreement as a whole, can be construed as establishing a relationship of partnership or joint adventure which would render plaintiff liable for any proportion of the losses. By its very terms the contract creates the relationship of employer and employee. Although the parties had in contemplation the formation of a copartnership, in which event plaintiff was to have a one-fourth interest, this was a mere possibility dependent upon their subsequent election and agreement, which never eventuated. This being so, plaintiff was entitled to receive his twenty per cent as compensation for his services.

■ The defendant also objects to the allowance to plaintiff of interest on the $1,000 due him on account of his share of the profits of the business prior to December 31, 1925, which was, by the terms of the contract, to remain in the business until the termination of said contract. The court computed interest at the rate of seven per cent from the date of the agreement, to wit, January 20, 1926. We are of the view that plaintiff was entitled to interest on said $1,000 only from the date of the termination of the contract of employment, December 31, 1927, rather than from the date of the making of the contract. The contract does not expressly provide for payment of interest on said sum. Considered as a whole, its provisions indicate the intention of the parties that the compensation expressly provided therein for plaintiff was to constitute the exclusive consideration for plaintiff's permitting said $1,000 to remain in the business as well as for his future services. In consideration of defendant's employing him on the terms set forth in the agreement, plaintiff consented to allowing the $1,000 then due him to remain in the business without payment of interest. Interest figured from December 31, 1927, the date payment was due, to September 13, 1928, the date of judgment, is $49.11, or $134.68 less than the sum allowed by the court below. (Secs. 3302 and 3287, Civ. Code; *Puppo* v. *Larosa,* 194 Cal. 717 [230 Pac. 439].)

■ Defendant further contends that the court erred in adjudging plaintiff entitled to recover the $200 which the court found he had advanced to defendant under an agreement for reimbursement, and in refusing to deduct from the amount of the judgment the sums withdrawn by plaintiff in payment of traveling and automobile expenses, on the

ground that the contract sued on contains no provision for such items. Defendant does not contend that the $200 was not advanced or that the traveling expenses were not incurred. Although there is no express provision in regard to the payment of traveling expenses, we think it may fairly be implied from a consideration of the contract as a whole that plaintiff was not required to pay his own expenses incurred in performing authorized services for defendant.

As to the allowance of said $200, plaintiff's right to recovery does not rest upon any provision of the contract of employment, but upon the understanding between the parties that plaintiff should be reimbursed. The pleadings sustain the recovery of this sum. The first count of the complaint sets forth the contract *in haec verba* and alleges facts which entitled plaintiff to an accounting in the adjustment of the rights of the parties under all provisions of the contract. Said count also contains allegations with reference to the advancement of $200, "disbursed for and on behalf of defendant's business". Plaintiff advanced said sum at different times during his employment for use in defendant's business. Under the circumstances the advancement was not an entirely separate transaction, but so closely related to the employment as to properly form an item in the action for an accounting.

The judgment for $2,619.63 is reduced by $134.68 to $2,484.95 on account of the improper allowance of interest. As thus modified it is affirmed.

Richards, J., Shenk, J., Langdon, J., and Preston, J., concurred.