GREAT ATLANTIC & PACIFIC TEA CO. *v.* McCANLESS, COMMISSIONER OF FINANCE AND TAXATION, *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed January 17, 1942.

Seay, Stockell & Edwards, of Nashville, for appellant.

Roy H. Beeler, Attorney-General, and William F. Barry and Harry Phillips, Assistant Attorneys-General, for appellees.

Mr. Justice McKinney delivered the opinion of the Court.

By the bill complainant questions the validity of Chapter 126, Public Acts of 1941, which amended the second paragraph of Section 6 of the Tobacco Tax Law, Pub. Acts 1937, ch. 133, to read as follows:

"The Commissioner is empowered to allow any wholesale dealer and jobber, as hereinafter defined, a discount of an amount not to exceed Seven and One-half (7½%) Per Cent of the value of the stamps as compensation for selling and affixing the stamps to tobacco products. For the purpose of this paragraph, the term 'wholesale dealer and jobber' is hereby defined to mean persons, firms or corporations who sell at wholesale only any one or more of the articles taxed herein to licensed retail dealers for the purpose of resale only."

Complainant is a corporation chartered under the laws

of Arizona, but qualified to do business in this State. It operates numerous chain stores and sells cigarettes and tobacco products at retail as well as at wholesale. Being a retail store, it does not come within the provision of the above quoted statute.

Complainant attacked the statute upon the ground that it is violative of Article 1, Section 8, and Article 11, Section 8, of the Constitution of Tennessee, and also the equality clause of the Fourteenth Amendment of the Constitution of the United States. It insists that the involved statute is class legislation creating a favored class of taxpayers, namely, wholesale dealers as distinguished from retail dealers.

By demurrer the defendants contended that the statute did not violate the Constitution, which view was accepted by the chancellor, who sustained the demurrer and dismissed the bill.

It has frequently been held by this court that all intendments are in favor of the constitutionality of an Act of the Legislature passed with the forms and ceremonies requisite to give it the force of law, and that every reasonable doubt must be resolved in favor of the legislative action. *Condon* v. *Maloney,* and *State ex rel.* v. *Condon,* 108 Tenn., 82, 65 S. W., 871; *Cole Manufacturing Co.* v. *Falls,* 90 Tenn., 466, 16 S. W., 1045.

In 11 Am. Jur., Constitutional Law, section 91, it is said:

"The courts invariably give the most careful consideration to questions involving the interpretation and application of the Constitution and approach constitutional questions with great deliberation, exercising their power in this respect with the greatest possible caution and even reluctance; and they should never declare a statute void, unless its invalidity is, in their judgment, beyond reasonable doubt."

In the Condon case, referred to above, this court, after reviewing the decision of the Supreme Court of the United States in *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S., 283, 18 S. Ct., 594, 42 L. Ed., 1037, in which the inheritance tax law of the State of Illinois was upheld, said: "Yet we think it might possibly be difficult to assign any satisfactory reason why a person of the first class receiving an estate of $20,000, should pay this inheritance tax while another person of the same class receiving $1 less should be relieved from it, and so with regard to the discrimination made in the other cases.

"Nor did the court attempt to assign any reason for the difference. On the contrary, it said: 'There is . . . no precise application of the rule of reasonableness of classification, and the rule of equity permits many practical inequalities. . . . It only requires that the law . . . shall operate on all alike under the same circumstances.' " [108 Tenn., 82, 65 S. W., 873.]

Applying these principles of constitutional law to the facts of the cause under consideration, several reasons occur to us as to the object which the Legislature had in mind in the enactment of this statute. Prior to the enactment of this statute other plans had been tried out by the Legislature, which evidently had proven unsatisfactory. Apparently this latter plan could be executed more economically and more efficiently than the preceding one. In the next place, a wholesaler, as a rule, purchases in much larger quantities than a retailer, and that in and of itself is a well-established principle in our commercial life that entitles him to a discount. Finally, it appears from our taxing statutes that the Legislature in this State has uniformly placed retail and wholesale merchants in different classes.

The annotator of 62 A. L. R., 109, says:

"Classification of tobacco dealers based on the amount, quantity, or number of sales has been sustained in various cases, so as to sustain a graduated tax dependent on these various considerations. And for the same reasons the cases support the right to make a classification of tobacco dealers for taxation purposes, based on differences existing between wholesale and retail dealers."

. Numerous decisions are cited in support of that statement.

This principle was given effect in the recent case of *Spur Distributing Co.* v. *Lindsey,* 166 Tenn., 424, 62 S. W. (2d), 53, 55, in which it was held that the exaction of a privilege tax from an oil depot operation selling at retail products coming to rest after interstate transportation was not a discrimination in administration of the tax on the ground that other retail filling stations were not required to pay such tax. The court, speaking through Mr. Justice CHAMBLISS said: "The result, as hereinbefore shown, would be fewer 'Oil Depots'; thus better enabling the state to keep informed as to the quantity of gas coming within her borders. Evidently this was the view entertained by the Legislature, and we consider the classification a reasonable one that is in no sense discriminatory."

A recent decision which is very much in point and which expresses our views in a clear and succinct manner is that of *Havens* v. *Attorney General et al.,* 91 N. H., 115, 14 A. (2d), 636, 639, section 7 of the involved act, Laws N. H., 1939, ch. 167, as amended by Laws N. H., 1939, ch. 180, providing that the Tax Commission "shall sell such stamps to licensed distributors at a discount of five per cent of their face value, to encourage distributors to

affix such stamps and compensate them for so doing, and to licensed dealers at their face value." The court, in sustaining the tax imposed on tobacco products sold at retail, said:

"Nor is the provision allowing the distributor a discount on the purchase of stamps discriminatory in any substantial sense. It is obviously designed to meet the objection raised in *Re Opinion of the Justices*, 88 N. H., 500, 503, 190 A., 801, that the taxpayer cannot be made the collector of the tax without adequate compensation. There are other grounds, however, on which the provisions may be sustained. It is stated as a fact in the reserved case that licensed distributors supply ninety-five per cent of the tobacco products sold at retail in the state. As suggested by defendants' counsel: 'The discount to distributors may also be sustained as a reasonable method of preventing evasion of the tax. There are approximately 4,904 retail outlets of tobacco products in the State and only 109 wholesale outlets or distribution centers, including 12 operated by chain systems. The five per cent discount tends "to encourage distributors to affix such stamps" . . . and, in so doing, reduces the number of outlets which the Tax Commission must supervise closely. By reducing the number of persons handling the stamps, the opportunities for fraud and evasion are also reduced, and the efficiency of supervision is increased.' "

■ This statute may work an inequality in so far as complainant is concerned, which, however, is insufficient to render it invalid.

■ The statute does not violate the constitutional provisions invoked, the result being that the decree of the chancellor will be affirmed.