354

No. 17,364.

CITY OF PUEBLO *v.* PULLARO ET AL.

(275 P. [2d] 938)

Decided November 8, 1954.

Mr. JOHN H. MARSALIS, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THE voters of the City of Pueblo, at an election held August 20, 1946, adopted an ordinance concerning the licensing of the business of selling cigarettes and tobacco, and fixing an occupational tax on such businesses. It is set out in the ordinance that in the first instance the occupational tax shall be advanced and paid by the wholesale dealer on all cigarettes or tobacco delivered by him to a retailer for resale and that he shall affix a stamp purchased from the city to each package of cigarettes or tobacco before delivery to the retail dealer; that he shall collect the amount of the tax from the retailer; and it is further provided in the ordinance that the wholesaler is allowed a discount of eight per cent of the face value of the stamps to dealers authorized to affix the stamp as compensation for their trouble and expense. It is further provided that if the retailer purchases his goods from a wholesaler or firms outside of the City of Pueblo, he can purchase stamps from the city and be allowed a discount; and the sale of boxes of cigarettes or tobacco by a retailer without stamps affixed thereto is prohibited and the penalty prescribed for such violation.

In another section of the ordinance is the statement that it is the intention that the occupational tax ultimately be collected from, and paid by, the consumer. Succinctly stated, the wholesaler collects the tax from the retailer and places the stamps upon the goods sold and delivered, and the retailer in turn collects the tax from the ultimate purchaser.

In the cause now under consideration, the retailers contended that the Act was discriminatory and unconstitutional as applied to them, particularly from the fact

that the wholesaler received a discount or compensation for his trouble and the retailer received nothing.

Upon police investigation it was found that all four of the local wholesale dealers and a number of retail outlets were violating the ordinance by not purchasing or affixing the stamps, whereupon complaints were filed against particular retailers and four wholesalers and the case was tried in the municipal court upon stipulation that the facts were similar in all of the individual cases and the testimony was submitted as to one defendant and the result to be applied to the other defendants. All defendants were fined and appealed their cases to the county court, where trial was held to the court without a jury on the stipulated facts, which, in substance, were, that defendants had sold cigarettes without city stamps required by ordinance being affixed thereto; that each defendant had in his possession or on his counters or shelves for sale to the public various quantities of unstamped cigarettes, varying in amount as to each individual dealer; and that they had not paid the tax to the wholesaler as required. No disputed facts being involved, defendants stood on the defense that the ordinance was unconstitutional as applied to them. It is disclosed that in all the cases the retailers had bought their cigarettes from the local wholesalers.

December 11, 1953, the trial court entered its judgment in favor of defendants holding the ordinance to be discriminatory and unconstitutional. The City procured a writ of error from this Court seeking to reverse that judgment, and there is no appearance by any of the defendants involved. Counsel for the City contends that the law requires no compensation for the collection of such taxes; that the legislative body of the City has the right to classify tobacco dealers for taxation purposes; that there is no infringement upon the rights of defendants; and therefore they are not in position to attack the constitutionality of the ordinance.

In the present case the power of the City to

license, tax and regulate the sale of cigarettes and tobacco is not questioned, and that when it has such power it may impose an additional burden involved in the collection of the tax. This question seems to be well settled by the case of *Pierce Oil Corporation v. Hopkins, County Clerk,* 264 U. S. 137, 44 Sup. Ct. 251, 68 L.Ed. 593. The overwhelming weight of authority is to the effect that a seller can be required to collect an excise tax from a purchaser without compensation and also may be required to keep an accurate account thereof.

The stipulated facts before us disclose that in this case the wholesaler is required to purchase and place the stamps on all goods sold and delivered to a retailer. For his trouble he receives a discount of eight per cent on the face value of the stamps purchased. He charged the full value of the stamps to a retailer, who, in turn, collects the full tax from the consumer. The stamps are already on the goods delivered to the consumer; the retailer has no extra bother about it and is not injured dollar wise by the transaction.

█ It is well settled that tobacco dealers may, for taxation purposes, be classified as wholesale and retail dealers, and wherever such statutes or ordinances are in effect they have been sustained as not being discriminatory or unconstitutional as to retailers. Consideration of this question is to be found in the well-reasoned case of *Great Atlantic & Pacific Tea Co. v. McCanless,* 178 Tenn. 354, 157 S.W. 2d 843, wherein the following annotation from 62 A.L.R. 109 is approved: "Classification of tobacco dealers based on the amount, quantity, or number of sales has been sustained in various cases, so as to sustain a graduated tax dependent on these various considerations. And for the same reasons the cases support the right to make a classification of tobacco dealers for taxation purposes, based on differences existing between wholesale and retail dealers."

It is easy to understand why such classification is permissive, because, as between wholesaler and retailer,

they are clearly separate and distinct occupations, one sells at wholesale and the other at retail; one to the public and the other to a particular class. *Cook v. Marshall County, Iowa,* 196 U. S. 261, upholding an Iowa decision.

As to the contention apparently made by defendants, "We have to comply with the ordinance and receive no compensation for our services, whereas the wholesalers receive compensation for their services." So far as compensation is concerned there is no distinction between the wholesaler and retailer, because both are called upon to collect the tax. The wholesaler collects from the retailer; the retailer collects from the customer; there is no provision for the payment of any compensation therefor; and, as hereinbefore stated, the legislative body, with the power to tax, may impose this duty. Under the ordinance, if the retailer purchased from a wholesaler not located in the city, he is permitted to purchase the stamps direct and receive the discount, and in that event, would have the extra duty and trouble of purchasing the stamps and affixing the same, which the retailer does not have to do if he made his purchases from the local wholesale outlets. It thus is to be seen that the retailers here involved are not affected to their injury by the operation of the ordinance, and it follows that they have not been deprived of any constitutional right. The constitutionality of the ordinance involved is not open to attack by these defendants whose rights have not been affected thereby. This is according to one of the elementary doctrines of constitutional law. 11 Am. Jur., page 748, section 111.

Defendants have failed to establish that the operation of the ordinance was discriminatory as to them, and also they have failed to show that they have been denied equal protection thereunder. The trial court was in error in determining that the ordinance was discriminatory and invalid, and its judgment in favor of defendants is reversed and the cause remanded with directions to

enter such judgment in favor of the City against each defendant as may to the court seem reasonable.