Richard Hugh YOUNKMAN et al., Appellants,

v.

Rebecca KREAGER et al., Appellees.

No. 4997.

Court of Civil Appeals of Texas, Eastland.

March 17, 1977.

Rehearing Denied April 7, 1977.

Randall Grubbs, Charles L. Hirsch, Garland, for appellants.

George R. Edwards, Edwards, Sowell & Padgett, Dallas, for appellees.

WALTER, Justice.

Richard Hugh Younkman, Beatrice Claudell Moore, and T. F. Moore filed suit against Rebecca Kreager and William D. Kreager for damages resulting from a motorcycle-automobile collision which occurred on July 20, 1972. Suit was filed on the last day before the running of the Statute of Limitations. The court entered the following order:

"IT IS ORDERED, ADJUDGED AND DECREED that the causes of action asserted herein by RICHARD HUGH YOUNKMAN, BEATRICE CLAUDELL MOORE and T. F. MOORE against REBECCA KREAGER be, and the same are hereby dismissed and the Plea of REBECCA KREAGER of Limiatation, the Plea of Dismiss, the Plea of Laches, and Plea of Dismissal for Failure of the Plaintiffs, and each of them, to use due diligence to obtain prompt service of citation in this cause, as asserted by her Plea in Abatement and Motion to Dismiss on file herein, is hereby sustained in asmuch as the Court has found that said Motions are good, well founded and supported by the record herein."

The plaintiffs have appealed.

The transcript shows a jury fee has been paid. In the judge's letter to the attorneys of March 11, 1976 regarding this case, he informs them this case had been set for trial on the merits for October 4, 1976. His letter noted: "Jury has been demanded."

When these proceedings began, the court asked if plaintiffs were ready to proceed. Appellants' attorney said:

"MR. GRUBBS: Ready to proceed, Your Honor, but we would object to proceeding at this time, we realize the Court's position on it, but as we have already mentioned to the Court, we believe this is a matter for a Jury Trial."

In appellants' amended motion for new trial, they assert:

"IX.

There are presently facts before the Court that, if believed by the finder of fact, verify due diligence and, therefore, said matter is a question for a jury.

X.

A jury has been requested and that in the event of dismissal, the Judge has in fact decided issues of fact, which he is not permitted to do in this case."

The court found as a matter of law in a hearing on defendants' "Plea in Abatement and Motion to Dismiss" the plaintiffs suit against Rebecca Kreager was barred by the two-year statute of limitations. The two-year statute of limitations is an affirmative defense pleaded by the defendant and is a plea in bar.

In *Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967), the court said:

"We observe that a plea of res judicata is not a plea in abatement or a plea to the jurisdiction, but is a plea in bar. 34 Tex. Jur.2d, Judgments § 450. The three pleas have different objectives, and different consequences flow from their sustention. As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal; a plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed. *Life Ass'n of America v. Goode*, 71 Tex. 90, 8 S.W. 639, at 640; and a plea in bar, if sustained, would require a judgment that the claimant take nothing. *Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 309 S.W.2d 208, at 214."

In *Filipp v. Ochoa*, 340 S.W.2d 847 (Tex. Civ.App.—Waco 1960, no writ), the court said:

"Appellee filed an unverified plea alleging that on a date nearly one month after the suit was filed, plaintiff executed a release discharging defendant from all liability for property damage. Appellant then pleaded that appellee had full notice of the subrogation interest of the insurer

before he executed the release. Appellee's allegations of the terms of the release were embodied in an unverified pleading termed a 'motion to dismiss.' The court granted the motion and dismissed the action by virtue of the pleaded release.

The court was not authorized to summarily dispose of the action on a plea in bar."

We sustain appellants' point the court erred in dismissing his case because such ruling effectively denied him a trial by jury on the appellees' plea in bar.

The judgment is reversed and the cause is remanded.