IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

**January 25, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| THURSTON ANDREW HELMS | ) |
| | ) |
| Plaintiff/Appellant | ) **FOR PUBLICATION** |
| | ) |
| v. | ) **FILED: JANUARY 25, 1999** |
| | ) |
| TENNESSEE DEPARTMENT | ) DAVIDSON CHANCERY |
| OF SAFETY | ) |
| | ) Hon. Irvin H. Kilcrease, Jr., Chancellor |
| Defendant/Appellee. | ) |
| | ) No. 01S01-9709-CH-00185 |
| | ) |
| | ) (Civil Forfeiture) |
| | ) |

For the Appellant:

E.E. Edwards, III &
James A. Simmons
Edwards & Simmons
Nashville, Tennessee

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Albert T. Partee, III
Senior Counsel

Paula D. Godsey
Assistant Attorney General

# OPINION

Court of Appeals
Affirmed

Barker, J.

**OPINION**

We granted this appeal to determine if Article I, section 6 of the Tennessee Constitution affords the right to a jury trial in cases under Tenn. Code Ann. § 53-11-451 (Supp. 1992), involving the forfeiture of personal property. The Court of Appeals held that Thurston Andrew Helms, the appellant and owner of the forfeited property in this action, was not entitled to a jury trial. We affirm the judgment of the court below and conclude that in Tennessee there is no right to a jury trial in statutory proceedings involving the forfeiture of personal property.

**BACKGROUND**

On May 4, 1992, Nashville police officers seized seven packets of cocaine and other drug paraphernalia from Mr. Helms' residence at 3447 Golf Club Lane. The Davidson County Criminal Court issued an ex parte order of seizure, pursuant to Tenn. Code Ann. § 45-2-706 (Supp. 1992), requiring NationsBank to freeze $30,808.09 in three of Mr. Helms' bank accounts. The trial court found probable cause to believe that the money was traceable to Mr. Helms' alleged illegal drug trade.

Following two hearings attended by Mr. Helms and his lawyer, the trial court determined that the money was subject to forfeiture under Tenn. Code Ann. § 53-11-451 (Supp. 1992). The trial court directed NationsBank to surrender the money to the police at which point the police were to prepare and deliver the required notices of seizure. NationsBank complied with the court order by sending the police two cashier's checks, one for $30,808.09 and a second for $215.06. The police prepared a notice of seizure for each check identifying Mr. Helms as the owner of the seized

2

money and listing his address as 3447 Golf Club Lane. The two notices were sent to the post office to be delivered by certified mail to the Golf Club Lane address.

During that time, Mr. Helms filed a change of address with the post office, listing his new residence as 286 April Lane. The post office delivered the two notices of seizure to the April Lane address on separate dates. Mr. Helms signed for the notice concerning the $215.06; however, no one was available at his residence to sign for the notice concerning the $30,808.09. The post office left a note at the April Lane address stating that the certified letter could be picked up at the local post office. Approximately one week later, the post office left a second notice at the residence and thereafter returned the certified letter to the police when Mr. Helms failed to retrieve it.

Mr. Helms did not file a timely claim for the money, and consequently, the entire $31,023.15 was forfeited without an administrative hearing. Mr. Helms' lawyer requested the Commissioner of Safety to reconsider the forfeiture order and to provide a hearing on the merits. When the request was denied, Mr. Helms filed a petition for review in the Davidson County Chancery Court alleging that the forfeiture statutes were unconstitutional on their face and as applied to him. He challenged the forfeiture on grounds that he did not receive adequate notice and that he was denied the right to a jury trial as guaranteed by Article I, section 6 of the Tennessee Constitution.

In a bench trial, the chancery court upheld the forfeiture and determined that Mr. Helms had received adequate notice of the forfeiture proceedings and that he did not have the right to a jury trial under the forfeiture statutes. The Court of Appeals affirmed the judgment of the trial court.

On appeal, Mr. Helms contends that the statutes governing the forfeiture of personal property denied his right to a jury trial under the Tennessee Constitution.

3

The Department of Safety, (D.O.S.), argues for the first time that this Court is without jurisdiction to determine the merits of Mr. Helms' claim because Mr. Helms failed to raise it in a contested case hearing before the D.O.S. Mr. Helms filed a claim for the money approximately twelve days after the Commissioner of Safety issued the order of forfeiture. Mr. Helms raised the constitutional issue of the right to a jury trial in his petition for judicial review in the chancery court and in the Court of Appeals.[1]

Although it appears from the record that Mr. Helms was untimely in both his claim for the money and his petition for judicial review, the D.O.S. waited throughout the proceedings in chancery court and the Court of Appeals to raise any objection concerning timeliness. We, therefore, conclude that the D.O.S. has waived any defense that it might otherwise have had in that regard.

## DISCUSSION

In this case, we must determine whether the statutory forfeitures of personal property may be conducted without jury trials. The forfeiture of personal property in drug-related cases is governed by the Drug Control Act. See Tenn. Code Ann. § 53-11-451 (Supp. 1992). Forfeitures under that statute are conducted by administrative agencies under the procedures contained in Tenn. Code Ann. § 53-11-201 (Supp. 1992), and Tenn. Code Ann. §§ 40-33-201 to -214 (1997). Those statutes provide public hearings when persons claim an interest in the seized property. Neither statute allows for a jury trial. Although Tenn. Code Ann. §§ 40-33-201 to -214 did not yet

---

[1]The record reflects that Mr. Helms did not contest the forfeiture until after the administrative proceedings. Nevertheless, his untimeliness during those proceedings does not affect this Court's jurisdiction on appeal. The administrative proceedings were not a proper forum for his constitutional claims. See Richardson v. Tennessee Bd. Of Dentistry, 913 S.W.2d 446, 456 (Tenn. 1995). Moreover, once those proceedings were finalized, he sought judicial review in the chancery court and preserved the constitutional issues for appellate review.

4

exist at the time of the forfeiture in this case,[2] we shall review it together with Tenn. Code Ann. § 53-11-201 in addressing Mr. Helms' constitutional claim.

During the times relevant in this case, the forfeiture proceedings were provided in Tenn. Code Ann. § 53-11-201 (Supp. 1992). Mr. Helms was required to file a timely claim with the Commissioner of Safety if he wished to claim an interest in the seized property. Tenn. Code Ann. § 53-11-201(c)(1).[3] Claimants were entitled to a public hearing before the Commissioner of Safety in which the State had the burden of proving by a preponderance of the evidence that the property should be forfeited. Tenn. Code Ann. § 53-11-201(d)(1)(A) - (2). Any party aggrieved by the Commissioner's decision had the right to seek judicial review in the Chancery Court of Davidson County, with review limited to the administrative record and conducted without a jury in accordance with the Uniform Administrative Procedures Act. See Tenn. Code Ann. § 4-5-322(a)(1), (b)(1), (g) (Supp. 1992).

Similar to those proceedings, the new procedure codified at Tenn. Code Ann. §§ 40-33-201 -- 214 (Supp. 1994), follows an administrative model for the forfeiture of property. Persons seeking to contest forfeiture of personal property under the Drug Control Act must file a timely claim with the Commissioner of Safety. Tenn. Code Ann. § 40-33-206 (1997). Claimants are then entitled to a contested case hearing under the Uniform Administrative Procedures Act in which the State must prove by a preponderance of the evidence that the property at issue is subject to forfeiture. Tenn. Code Ann. §§ 40-33-209(d), 210(a). The party dissatisfied with the

_____

[2]At the time the forfeiture warrants were issued in this case, the administrative proceedings were provided in Tenn. Code Ann. § 53-11-201 (Supp. 1992). In 1994, the General Assembly amended those proceedings by enacting a uniform procedure governing the forfeiture of personal property. See 1994 Pub. Acts Ch. 925, § 1 (codified at Tenn. Code Ann. §§ 40-33-201 -- 214). The new provisions supplant the procedures contained in Tenn. Code Ann. § 53-11-201. Both provisions follow an administrative model without the use of jury trials.

[3]If no claim were filed to contest the forfeiture, as in this case, then the property was forfeited without an administrative hearing. Tenn. Code Ann. § 53-11-203 (Supp. 1992).

Commissioner's final order may seek judicial review by filing a written notice in either the circuit or chancery court of Davidson County. Tenn. Code Ann. § 40-33-213(c) (1997). Judicial review is conducted without a jury and is limited to the administrative record, except to the extent that Tenn. Code Ann. §§ 4-5-322(e) and 322(g) permit the introduction of additional evidence.

Mr. Helms contends that the forfeiture statutes violate Article I, section 6 of the Tennessee Constitution because they do not provide for jury trials in the public hearings or judicial review. We disagree.

Article I, section 6 of our Constitution does not guarantee the right to a jury trial in every case. The text of that provision reads, "[t]hat the right of trial by jury shall remain inviolate, and no religious or political test shall ever be required as a qualification for jurors." This right has been interpreted to be a trial by jury as it existed at common law, Marler v. Wear, 117 Tenn. 244, 246, 96 S.W. 447, 448 (1906), or more specifically, "the common law under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution of 1796." Patten v. State, 221 Tenn. 337, 344, 426 S.W.2d 503 506 (Tenn. 1968), *cert. denied*, 400 U.S. 844, 91 S.Ct. 88, 27 L. Ed.2d 80 (1970). For rights and remedies created after the formation of our Constitution, the legislature is free to enact procedures that do not include jury trials. Newport Housing Authority v. Ballard, 839 S.W.2d 86, 88 (Tenn. 1992).

The Court of Appeals has previously addressed whether Article I, section 6 affords the right to a jury trial in forfeitures of personal property. See Jones v. Greene, 946 S.W.2d 817, 823-24 (Tenn. App. 1996).[4] In an opinion by Judge Koch, the court

---

[4]In denying Mr. Helms' claim, the Court of Appeals relied upon its prior decision in Jones v. Greene, 946 S.W.2d at 824-25.

detailed the history of Tennessee's civil forfeiture law, beginning with the Uniform Narcotic Act of 1937. Id. at 820. That statute established a judicial forfeiture proceeding in which a judge or magistrate presided without a jury on the forfeiture of various narcotic drugs. Id. (citing Tenn. Code Ann. § 52-1315).

As the court in Greene noted, Tennessee's forfeiture laws followed a judicial model until 1955. Id. at 820. In that year, the General Assembly adopted an administrative proceeding in which the Commissioner of Safety was authorized to decide forfeiture claims. Id. at 820-21 (citing Tenn. Code Ann. § 52-1404). Judicial review was available by filing a common-law writ of certiorari in the Circuit Court of Davidson County. Id. at 821 (citing Tenn. Code Ann. § 52-1405). However, in both the initial hearings and judicial review, there was no allowance for jury trials.

Tennessee statutes governing the forfeiture of drugs and other personal property have consistently omitted the use of jury trials.[5] The Court of Appeals in Greene upheld those provisions as "new remedies" created by the legislature after the formation of our Constitution. 946 S.W.2d at 825. The court, however, did not address whether similar forfeiture procedures existed under the common law of North Carolina. See id.

Our inquiry is whether at the time of 1796, North Carolina recognized civil forfeiture proceedings with the right to jury trials. Mr. Helms relies upon early English common law and colonial records to argue that forfeiture proceedings both existed in North Carolina and were tried by juries. In a well-researched brief, Mr. Helms refers to

---

[5]The General Assembly has provided the right to trial by jury in cases involving forfeiture of real property. See Tenn. Code Ann. § 53-11-452(c)(4) (Supp. 1998). Those cases are tried in the circuit or chancery court of the county where the property is located. Tenn. Code Ann. § 53-11-452(c)(1).

historical *qui tam* actions and executive orders sent by the English Crown to the governor-in-chief of the North Carolina province.

*Qui tam* actions originated by statute in England, allowing individual informants to sue other citizens for particular acts of commission or omission against the Crown. The suits were filed in the Courts of Exchequer and if the informant won, he divided the penalty with the Crown. See e.g. Mitchell, who Prosecutes for the King and [himself] v. Torup, Parker 227, 145 Eng. Rep. 764 (F.x. 1766). Although this practice involved jury trials and was adopted in colonial North Carolina,[6] it is significantly different from civil forfeiture and is unpersuasive in this case.

Mr. Helms also relies on two executive orders sent by King George II to the governor-in-chief of the North Carolina province. In two orders sent by the king in 1754, Governor Arthur Dobbs was directed to establish a Court of Exchequer and was given a procedure for the selection of jurors. *Instructions to Governor in Chief*, 8 Colonial Records of North Carolina: Records of the Executive Council, 1735-1754, R.J. Cain, ed. 490, 520, 531 (1988). The colonial records show that the North Carolina province had jury proceedings in courts similar to the common law Court of Exchequer. The records, however, are sparse and do not show evidence of forfeiture proceedings in the North Carolina province or in early North Carolina statehood.

From other American colonies, it is well-documented that jurisdiction over the forfeiture of property, as exercised by the Court of Exchequer in England, was adopted by colonial courts in common law proceedings. See United States v. One 1976 Mercedes Benz 280S, 618 F.2d 453, 466 (7th Cir. 1980). Forfeiture in those courts was *in rem* against the property in question and was tried by a jury, similar to

---

[6]See Smethwick v. Williamson, 5 Colonial Records 385 (General Court 1723).

8

the traditional procedure in Exchequer.  C.J. Hendry Co. v. Moore, 318 U.S. 133, 139-40, 63 S.Ct. 499, 502, 503, 87 L.Ed. 663 (1943).

Several jurisdictions in the United States have borrowed from the early colonial practice and have incorporated the use of jury trials into modern forfeiture proceedings.  If not prescribed by statute, those states have recognized the right to a jury trial in forfeiture cases based upon their respective constitutions and the common law in both England and colonial America.[7]

Tennessee, however, differs from all other states in focusing upon the common law of North Carolina to interpret the jury trial guarantee under the State Constitution. Patten v. State, 221 Tenn. at 344, 426 S.W.2d at 506.  From our review of the law in North Carolina and Tennessee, we find no evidence that those states followed or adopted the forfeiture proceedings from English common law.  Moreover, even if forfeiture existed in North Carolina and the Tennessee territory before 1796, there is no evidence that jury trials were the mode for resolving those types of cases.[8]

When addressing the constitutionality of a statute, we afford considerable discretion to the General Assembly and resolve any reasonable doubt in favor of the legislative action.  In re Burson, 909 S.W.2d 768, 775 (Tenn. 1995); Great Atlantic & Pacific Tea Co. v. McCanless, 178 Tenn. 354, 355, 157 S.W.2d 843, 844 (1942).  We

---

[7]See United State v. One 1976 Mercedes Benz 280S, 618 F.2d 453, 469 (7th Cir. 1980); Idaho Dept. Of Law Enforcement v. Free, 126 Idaho 422, 425-26, 885 P.2d 381, 384-85 (1994); People ex rel. O'Malley v. 6323 North LaCrosse Avenue, 158 Ill.2d 453, 458, 199 Ill. Dec. 690, 693, 634 N.E.2d 743, 746 (1994); Commonwealth v. 1984 Z-28 Camaro Coupe, 530 Pa. 523, 532, 610 A.2d 36, 41 (1992); Medlock v. 1985 Ford F-150 Pick Up, 308 S.C. 68, 72-73, 417 S.E.2d 85, 87 (1992); In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433, 436-37 (Fla. 1986); Commonwealth v. One 1972 Chevrolet Van, 385 Mass. 198, 201-02, 431 N.E.2d 209, 211 (1982); People v. One 1941 Chevrolet Coupe, 37 Cal. 2d 283, 299-300, 231 P.2d 832, 844 (1951); State v. 1920 Studebaker Touring Car, 120 Or. 254, 271, 251 P. 701, 706 (1926); Colon v. Lisk, 153 N.Y. 188, 198, 47 N.E. 302, 305 (1897).

[8]The North Carolina Court of Appeals has upheld a state forfeiture statute that omits the use of jury trials in drug-related forfeiture cases.  State v. Morris, 103 N.C. App. 246, 250, 405 S.E.2d 351, 353 (N.C. Ct. App. 1991).  The court based its decision in part upon finding that the right to trial by jury in alcohol-related forfeiture cases did not exist at common law or by statute in 1868.  See id.

find reasonable doubt in this case and uphold the constitutionality of the forfeiture provisions.

## CONCLUSION

The General Assembly enacted forfeiture statutes and amended them over time to combat the rise of drug-related crimes in Tennessee. The modern procedures for the forfeiture of personal property are administrative, except for judicial review, and are intended to afford due process to the interested claimants. In addition, the procedures provide an efficient means of enforcing anti-drug and contraband regulations, with all the rights and remedies created by statute.

Having found no evidence that those or similar proceedings existed under North Carolina common law in 1796, we conclude that the statutes for the forfeiture of personal property are valid under Article I, section 6. The judgment of the Court of Appeals is affirmed with costs assessed against the appellant, Mr. Helms.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

Anderson, C.J.
Drowota, Birch, Holder, JJ.

SUPREME COURT, NASHVILLE

THURSTON ANDREW HELMS )
)
    Plaintiff/Appellant )    DAVIDSON CHANCERY
)    NO. 92-3515-I
v. )
)    NO. 01S01-9709-CH-00185
TENNESSEE DEPARTMENT )
OF SAFETY )    Court of Appeals Affirmed
)
    Defendant/Appellee. )
)

JUDGMENT

This case was heard upon the record on appeal from the Court of Appeals,

application for permission to appeal having heretofore been granted, briefs and

argument of counsel; and upon consideration thereof, this Court is of the opinion that

there is no right to a jury trial in the civil forfeiture of personal property.

In accordance with the opinion filed herein, it is, therefore, ordered and

adjudged that the judgment of the Court of Appeals is affirmed, and the case is

remanded to the Chancery Court of Davidson County for the collection of costs

accrued below.

Costs of appeal will be paid by the appellant, Thurston Andrew Helms.

01/25/99