IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 7, 2004 Session

# MICHAEL WAYNE HOWELL  v.  STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. P-14334      Hon. Otis Higgs, Jr., Judge**

---

**No. W2003-01056-SC-R11-PD - Filed November 16, 2004**

---

FRANK F. DROWOTA, III, J., concurring and dissenting.

I concur in the majority decision insofar as it holds that neither Apprendi v. New Jersey,[1] nor Ring v. Arizona.[2] mandates a jury trial on mental retardation.  I also agree with the majority that mental retardation is not an element of the offense which the State must disprove beyond a reasonable doubt.  Furthermore, I agree with the majority that the General Assembly adopted a bright-line rule requiring individuals claiming mental retardation to present proof of an I.Q. of seventy or below.  However, I disagree with the majority's conclusion that Michael Wayne Howell is entitled to reopen his petition for post-conviction relief and to have an evidentiary hearing on his mental retardation claim.  In my opinion, the trial court scrupulously applied the governing legal standards and correctly denied Howell's motion to reopen for failure to state a prima facie claim of mental retardation.  In my view, Due Process does not require trial courts to apply the "colorable claim" standard to a motion to reopen alleging mental retardation.  For these reasons, I would affirm the judgment of the Court of Criminal Appeals.

## Analysis

The Tennessee General Assembly in 1990 enacted legislation prohibiting the execution of mentally retarded individuals.  Tenn. Code Ann. § 39-13-203 (2003).  The General Assembly did not provide for retroactive application of this statute.  Eleven years later, however, a majority of this Court held that the state constitution prohibits executing individuals who are mentally retarded.  Van Tran v. State, 66 S.W.3d 790 (Tenn. 2001).[3]  The majority in Van Tran determined that the newly recognized constitutional right "warrant[ed] retroactive application to cases on collateral review."

---

[1] 530 U.S. 466 (2000).

[2] 536 U.S. 584 (2002).

[3] The United States Supreme Court thereafter held that the Eighth Amendment to the United States Constitution prohibits executing the mentally retarded.  Atkins v. Virginia, 536 U.S. 304, 321 (2002).

66 S.W.3d at 811. Centrally important to the issues presented in this appeal is the fact that <u>Van Tran</u> was itself a motion to reopen proceeding. <u>Id.</u> at 792. In providing directions for the trial court to follow upon remand in evaluating the motion to reopen this Court in <u>Van Tran</u> stated:

> the trial court <u>shall hear the petitioner's motion to reopen and make a determination as to the petitioner's alleged mental retardation. The applicable criteria are those presently set forth by statute:</u> (1) significantly sub-average general intellectual functioning as evidenced by a functional intelligence quotient (I.Q.) of seventy (70) or below; (2) deficits in adaptive behavior: and (3) mental retardation manifested during the developmental period, or by eighteen (18) years of age.

66 S.W.3d at 812. Thus, in <u>Van Tran</u>, this Court recognized the constitutional prohibition against executing the mentally retarded, explained that this right should apply retroactively to cases on collateral review, and instructed trial courts to evaluate motions to reopen alleging mental retardation under Tennessee Code Annotated section 39-13-203.

Clearly, the trial court in this case scrupulously followed the directives this Court provided in <u>Van Tran</u>. The trial court evaluated Howell's motion to reopen under Tennessee Code Annotated section 39-13-203. The trial court denied Howell's motion to reopen upon finding that Howell had failed to make a prima facie case on two of the three criteria this Court identified in <u>Van Tran</u> – an I.Q. of seventy (70) or below and deficits in adaptive behavior. The trial court pointed out that the Wechsler Adult Intelligence Scale-3rd Edition ("WAIS-III") did not show Howell's I.Q. to be seventy (70) or below, and the trial court emphasized that Howell had failed to allege facts to show deficits in adaptive behavior. Thus, the trial court found:

> The Petitioner has failed to make a prima facie case that he was mentally retarded at the time he committed the offenses for which he was convicted. He does not qualify as a mentally retarded defendant in accordance with the criteria set forth in Tennessee Code Annotated § 39-13-203, and as such, his death penalty is not unconstitutional. This Motion to Re-Open Petition for Post-Conviction Relief is without merit and should be dismissed without the benefit of a hearing.

I do not agree with Howell's assertion that the trial court abused its discretion by dismissing the motion to reopen without a hearing. Howell argues that the trial court should not have accredited his performance on the WAIS-III to the exclusion of his scores on the other I.Q. tests administered.[4] Neither this Court nor the General Assembly has instructed trial courts to accredit a particular test

---

[4]The WAIS-III yielded a verbal I.Q. of 75, performance IQ of 75, and full scale I.Q. of 73. The Standford Binet Intelligence Test-Fourth Edition yielded a composite score of 62, a verbal reasoning score of 60, an abstract reasoning score of 78, a quantitative reasoning score of 60, and a short-term memory score of 68. The Comprehensive Test of nonverbal intelligence yielded a nonverbal I.Q. of 67, a pictorial nonverbal I.Q. of 70, and a geometric nonverbal I.Q. of 68.

when determining whether an individual's I.Q. is seventy or below.[5]  Nonetheless, in my view, the trial court did not abuse its discretion by accrediting the WAIS-III results to the exclusion of the results of the other I.Q. tests administered.  The United States Supreme Court has held that the WAIS-III is "the standard instrument in the United States for assessing intellectual functioning." Atkins, 122 S. Ct. at 2245 n.5.  Another federal court has referred to the WAIS-III as the "gold standard I.Q. test."  Walton v. Johnson, 269 F. Supp. 692 (W.D. Va. 2003).  In my view, where an individual's I.Q. as measured by the standard test in the field negates the individual's claim of mental retardation, a trial court does not abuse its discretion by denying a motion to reopen.  Not only did the WAIS-III full scale I.Q. of 73 negate Howell's mental retardation claim, in the very proceeding Howell now seeks to reopen, Howell has presented evidence of an I.Q. of 91.  Howell v. State, No. 02C01-9706-CR-00200, 1997 WL 746438, at *7 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. June 8, 1998).   Under these circumstances, the trial court did not abuse its discretion by dismissing Howell's motion to reopen after determining that Howell had failed to present essential evidence of an I.Q. of seventy or below.

Furthermore, although generally stating that Howell has deficits in adaptive behavior, the affidavit offered in support of Howell's motion to reopen does not include facts supporting these statements.  Again, in my view, a trial court does not abuse its discretion by dismissing a motion to reopen that is based upon an affidavit which includes only conclusions rather than facts.

Additionally the record clearly reveals that the trial court did not base its dismissal of Howell's motion to reopen upon the clear and convincing evidence standard of Tennessee Code Annotated section 40-30-117(a)(4).  Nor did the Court of Criminal Appeals base its decision upon Howell's failure to meet that clear and convincing evidence standard.  To be sure, the Court of Criminal Appeals quoted the clear and convincing evidence standard and cited Tennessee Code Annotated section 40-30-117(a)(4). Nonetheless, the intermediate appellate court applied, correctly, the "abuse of discretion" standard of Tennessee Code Annotated section 40-30-117(c), stating "[b]ased upon the foregoing, we cannot conclude that the trial court abused its discretion in denying the motion to reopen."  Thus, the majority opinion is based upon a premise that simply is not accurate as a matter of fact.  Neither the trial court nor the Court of Criminal Appeals denied Howell's motion to reopen for failure to satisfy the clear and convincing evidence standard of section 40-30-117(a)(4).  Consistent with this Court's decision in Van Tran, the trial court evaluated the motion under Tennessee Code Annotated section 39-13-203 and determined that Howell had failed to make out a *prima facie* claim of mental retardation.  In doing so, the trial court employed a procedure approved by this Court in Van Tran, and the record does not, in my view, indicate that the trial court abused its discretion either by accrediting the results of the WAIS-III or by finding that Howell had failed to allege facts demonstrating deficits in adaptive behavior.

---

[5]The General Assembly may wish to consider designating a test or tests for courts to consider.  Otherwise, this determination likely will continue to be plagued with confusion and uncertainty.  Nothing in this Court's decision in Van Tran nor in the United States Supreme Court's decision in Atkins forecloses legislation designating one or more tests. Indeed, the United States Supreme Court in Atkins left to the states "the task of developing appropriate ways to enforce [the] constitutional restriction" upon executing mentally retarded individuals.   122 S. Ct. at 2250

Furthermore, the standard applied by the trial court appears to be less searching, or in any event, certainly no more searching, than the "colorable claim" standard the majority settles upon by way of a complicated and unnecessary constitutional analysis. In adopting the "colorable claim" standard as a purported matter of constitutional necessity, the majority disregards the longstanding principle that courts do not decide constitutional questions unless resolution is absolutely necessary to determine the issues in a case and adjudicate the rights of the parties. State v. Taylor, 70 S.W.3d 717, 720 (Tenn. 2002); Owens v. State, 908 S.W.2d 923, 926 (Tenn.1995) (citing cases); see also Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Eng'g, P.C., 467 U.S. 138, 157, (1984) ( "It is a fundamental rule of judicial restraint ... that this Court will not reach constitutional questions in advance of the necessity of deciding them.");Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable."); Burton v. United States, 196 U.S. 283, 295 (1905) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."); Firestone v. Galbreath, 976 F.2d 279, 286 (6th Cir.1992) ("Deciding constitutional issues only after considering and rejecting every nonconstitutional ground for the decision is a fundamental rule of judicial restraint."). Furthermore, when considering the constitutionality of a statute, courts are duty-bound to adopt a construction that will sustain the statute and avoid constitutional conflict if at all possible, and this duty requires courts to indulge every presumption and to resolve every doubt in favor of the statute's constitutionality. See Taylor, 70 S.W.3d at 721; State v. Burkhart, 58 S.W.3d 694, 697-98 (Tenn.2001); Helms v. Tennessee Dept. of Safety, 987 S.W.2d 545, 549 (Tenn.1999); In Re Petition of Burson, 909 S.W.2d 768, 775 (Tenn.1995); State v. Lyons, 802 S.W.2d 590, 592 (Tenn.1990). In this appeal, the majority appears to indulge every presumption against the constitutional validity of the clear and convincing evidence standard of Tennessee Code Annotated section 40-30-117(a)(4) and adopts a construction that creates a constitutional conflict, which the majority then resolves by ignoring this Court's prior decision in Van Tran and by then engrafting the "colorable claim" standard upon the motion to reopen statute.

Not only am I convinced that the majority should have declined to create and then rule upon a constitutional issue, I also am constrained to disagree with the majority's resolution of the constitutional issue it creates. In my view, applying the clear and convincing evidence standard of Tennessee Code Annotated section 40-30-117(a)(4) would not violate Howell's constitutional right to Due Process; therefore, engrafting the "colorable claim" standard upon section 40-30-117(a) is not a constitutional necessity, as the majority holds. Applying the balancing test enunciated in Burford v. State, 845 S.W.2d 204, 209 (Tenn. 1992), the private interest at stake in this case is not Howell's opportunity to challenge his death sentence on the ground of mental retardation under this Court's decision in Van Tran and the United States Supreme Court's decision in Atkins. Howell, in fact, has been afforded already such an opportunity. Instead, the private interest at stake is Howell's opportunity to have his challenge considered under a "colorable claim" standard rather than the statutory standard of clear and convincing evidence. As the State points out, Howell's interest is fundamentally different than the private interests at stake in Burford and its progeny, where the petitioners were entirely barred from *seeking* post-conviction relief by the applicable statute of

-4-

limitations. See also Workman v. State, 41 S.W.3d 100 (Tenn. 2001);Williams v. State, 44 S.W.3d 464 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Watkins v. State, 903 S.W.2d 302 (Tenn. 1995). In each of these prior cases, this Court observed that the statute of limitations operated to "terminate" an otherwise existing statutory right to seek post-conviction relief. Seals, 23 S.W.3d at 277 (quoting Burford). Because the motion to reopen statute does not entirely preclude Howell from *seeking* relief from his death sentence based upon his claim of mental retardation, the the risk of erroneous deprivation is minimal. On the other hand, the State has a substantial interest both in the finality of criminal judgments and in preventing groundless claims that inevitably arise with newly recognized constitutional rules. The State has chosen to protect these interests by creating a summary statutory procedure that is designed to winnow out frivolous claims. See Harris v. State, 102 S.W.3d 587 (Tenn. 2003). Applying the clear and convincing evidence standard to enforce the State's interests appears particularly appropriate in this case. Howell has availed himself of appellate and post-conviction remedies. More importantly, in the very proceeding he now seeks to reopen, Howell offered proof of an I.Q. of 91 – proof that negates his present claim of mental retardation. Howell v. State, No. 02C01-9706-CR-00200, 1997 WL 746438, at *7 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. June 8, 1998). For these reasons I do not agree with the majority that applying the clear and convincing evidence standard of Tennessee Code Annotated section 40-30-117(a)(4) would violate Howell's constitutional right to Due Process.

Furthermore, even if I agreed with the majority on the constitutional issue it creates, I would not agree with the majority's decision. At the risk of redundancy, I am compelled to again point out that the trial court simply did not base dismissal of Howell's motion to reopen upon the clear and convincing evidence standard of Tennessee Code Annotated section 40-30-117(a)(4). Consistent with Van Tran, the trial court evaluated the motion to reopen to determine whether Howell had alleged a *prima facie* claim of mental retardation. In my view, the trial court did not abuse its discretion in doing so. Howell has not been deprived of an opportunity to present his claim. The failure of Howell's motion to reopen is the result of his failure to offer proof of a *prima facie* claim of mental retardation.

## Conclusion

For the reasons herein stated, I concur in the majority decision insofar as it holds that a jury trial on mental retardation is not mandated by the state or federal constitution. I also agree with the majority that mental retardation is not an element of the offense which the State must disprove beyond a reasonable doubt. However, I disagree with the majority's conclusion that Michael Wayne Howell is entitled to reopen his petition for post-conviction relief and to have an evidentiary hearing on his mental retardation claim. I would affirm the decision of the Court of Criminal Appeals which affirmed the decision of the trial court.

_____

FRANK F. DROWOTA III, CHIEF JUSTICE