IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs March 30, 2011

## JENNA LAUREN HEATH MILNER v. DERRICK BRANDON MILNER

**Appeal from the Circuit Court for Hamilton County**
**No. 07D1801     Jacqueline S. Bolton, Judge**

---

**No. E2010-00802-COA-R3-CV- FILED - APRIL 29, 2011**

---

Jenna Lauren Heath Milner ("Wife") initiated this action by filing a complaint for divorce against her spouse, Derrick Brandon Milner ("Husband"). The only ground for divorce alleged is "T.C.A. § 36-4-101(5), conviction of a felony." Husband filed an answer pro se which, in substance, admits that he has been convicted but states that the conviction is "a miscarriage of justice" and that his attorney "botched the trial . . . and botched the direct appeal as badly as the trial." He alleges that he is continuing to challenge the conviction and "there is a great chance of having the case reversed." Husband denied that a divorce should be granted and alleged that he still loves Wife and their child. Husband, who was incarcerated, testified at trial by telephone, although there is no transcript or statement of the evidence. The trial court declared the parties "divorced pursuant to T.C.A. § 36-4-101(5)." Husband appeals, arguing, for the first time, that the statute is unconstitutional under the Tennessee Constitution, the United States Constitution, and the Georgia Constitution, the state in which he is incarcerated. The Tennessee Attorney General was served with a copy of Husband's brief and has appeared in support of the constitutionality of the statute. We hold that any issue as to the constitutionality of Tenn. Code Ann. § 36-4-101(5)(2010) was waived by Husband's failure to raise the issue in the trial court, and, pursuant to Court of Appeals Rule 10[1], we affirm the judgment granting an absolute divorce.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Derrick Brandon Milner, Oglethorpe, Georgia, appellant, pro se.

Jenna Lauren Heath Milner, Soddy Daisy, Tennessee, appellee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Alexander S. Rieger, Assistant Attorney General, Nashville, Tennessee.

## MEMORNANDUM OPINION

The totality of the record in this case consists of Wife's complaint, Husband's answer, a stipulation concerning Husband's right to communicate with the parties' minor child, an order granting an absolute divorce "pursuant to T.C.A. § 36-4-101(5)," a "supplemental order" setting child support, and Husband's notice of appeal. There is no pleading that even hints at challenging the constitutionality of Tenn. Code Ann. § 36-4-101(5). There is no indication that at any point the Attorney General was served with a pleading putting him on notice that the constitutionality of the statute was being challenged. As previously noted, there is no transcript of the hearing on the merits. While this matter was on appeal, this Court allowed Husband to submit a statement of the evidence to the trial court for consideration. The trial court refused to approve the statement and this Court denied Husband's motion asking us to vacate the trial court's refusal.[2]

Accordingly, the record before us provides no basis for finding that the constitutionality of Tenn. Code Ann. § 36-4-101(5) was ever put at issue in the trial court. The Attorney General first appeared in this case after having been served with a copy of Husband's brief. A party who wishes to challenge the constitutionality of a statute must provide notice to the Attorney General in the trial court of the party's challenge. Tenn. Code Ann. § 29-14-107(b)(2000); Tenn. R. Civ. P. 24.04. As the Supreme Court noted in the case of *In re Adoption of E.N.R.*, 42 S.W.3d 26 (Tenn. 2001), it is improper for this Court to adjudicate the constitutionality of a statute when there is

> an attempt to make a constitutional attack upon the validity of a
> statute for the first time on appeal unless the statute involved is

---

[2]Tenn. R. App. P. 24(e) provides that, with respect to the correctness of a statement of the evidence, "[a]bsent extraordinary circumstances, the determination of the trial court is *conclusive*." (Emphasis added.) There is no showing of "extraordinary circumstances" in this case.

so obviously unconstitutional on its face as to obviate the necessity for any discussion.

*Id*. at 32-33 (quoting ***Lawrence v. Stanford***, 655 S.W.2d 927, 929 (Tenn. 1983)).  The statute at issue in this case is not "obviously unconstitutional on its face."  ***E.N.R.*** at 33.

The statute enjoys a strong presumption of correctness, and Husband bears a "heavy burden of overcoming that presumption." ***Id.*** at 31(*quoting* ***Helms v. Tenn. Dep't of Safety***, 987 S.W.2d 545, 550 (Tenn. 1999)).  Obviously, he cannot overcome the presumption without having raised the issue in the trial court.

Accordingly, we affirm the judgment of the trial court without reaching the merits of the constitutionality of Tenn. Code Ann. § 36-4-101(5).  Costs on appeal are taxed to the appellant, Derrick Brandon Milner.  This case is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE