STATE of Tennessee, Appellant,

v.

Charles MOSES et al., Appellee.

Court of Criminal Appeals of Tennessee.

May 4, 1979.

William M. Leech, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellant.

Gene Worthington, Madisonville, for appellee.

## OPINION

DUNCAN, Judge.

The State appeals from an order entered by the Monroe County Criminal Court returning a vehicle to its owner, the appellee herein. This vehicle had been seized by law enforcement officials pursuant to the provisions of the Tennessee Drug Control Act of 1971.

The State argues that the trial court was without jurisdiction or authority to return this vehicle to its owner. We agree.

No bill of exceptions was filed in this case, but the technical record shows that the appellee was indicted for possession of marihuana with intent to sell. Subsequently, the trial court suppressed the marihuana evidence, holding that it had been seized as the result of an unlawful search. The prosecution was dismissed, and a verdict of not guilty was entered for the appellee. Later, on motion of the appellee's counsel, the trial court entered an order returning to the appellee the automobile that had been seized.

The provisions of T.C.A. § 40–519 vests the trial court with jurisdiction to restore property seized as a result of an illegal search. This section provides, in

part, that after the sustaining of a motion to suppress illegally obtained evidence, the seized "property shall be restored *unless otherwise subject to lawful detention.*" (emphasis added). Thus, in the present case, if the seized vehicle was being otherwise lawfully detained, then the restoration jurisdiction afforded the trial court by this statute is absent. Therefore, other statutes dealing with the return of seized property must be looked to in order to resolve the issue presented in this case.

T.C.A. § 52–1443(a)(4) subjects to forfeiture a vehicle that is used or intended to be used for transporting or facilitating the transportation of controlled substances for the purpose of resale.

T.C.A. § 52–1443(d) provides that "[p]roperty taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the commissioner of safety or his authorized representative, agent, employee, or a sheriff, deputy sheriff, municipal law enforcement officer, or constable *subject only to the orders and decrees of the circuit or criminal court.*" (emphasis added).

■ We interpret the emphasized language in the above quoted statute as referring only to orders and decrees that the trial court may need to enter incident to the use of the property as evidence in the criminal prosecution for the charged violation, or as may relate to the use of the property by the seizing authority. *See* T.C.A. § 52–1443(d)(4). This language should not be read as conferring on trial courts the authority to determine the ultimate disposition of the seized property. We are led to this conclusion by the mandatory language of T.C.A. § 52–1443(i) which provides that confiscation proceedings under the Tennessee Drug Control Act of 1971, T.C.A. §§ 52–1408—52–1448, "shall be conducted in accordance with the provisions set forth in §§ 52–1404 through 52–1407."

T.C.A. § 52–1404 outlines the procedure to be followed when property is seized incident to a violation of the Drug Control Act. Insofar as here applicable, this section requires the seizing officer to give to the person from whom the property was seized a receipt which shall state a description of the seized property, the reasons for the seizure, the recovery procedure available to a claimant, the time in which a recovery claim must be filed, and the consequences for failure to file a claim. A copy of the receipt must be filed in the office of the Department of Safety. The claimant must file his claim with the Commissioner of Safety within 15 days after receipt of the notice of seizure, and the Commissioner must set a hearing within 15 days from the date the claim is filed. Also, the statute places upon the Commissioner the responsibility of determining whether the seized property shall be declared contraband, forfeited and sold, or whether it should be returned to the claimant.[1]

■ T.C.A. § 52–1406 provides that when property is thus seized for a violation of the Drug Control Act that:

If no claim is interposed, such narcotic drugs, marihuana or other property shall be forfeited without further proceedings and the same shall be sold or disposed of as herein provided. *The above procedure is the sole remedy of any claimant, and no court shall have jurisdiction to interfere therewith by replevin, injunction, supersedeas or in any other manner.*[2] (emphasis added).

Clearly, under the provisions of these statutes, the legislature has vested the Commissioner of Safety with the exclusive jurisdiction to initially determine whether property seized incident to a violation of the Drug Control Act should be forfeited or returned to the lawful claimant, and has

1. The Commissioner's ruling may be reviewed by petition for common law writ of certiorari to the Circuit Court of Davidson County, with appellate rights to the Supreme Court being available. T.C.A. § 52–1405.

2. The appellant concedes in his brief that the subject vehicle was seized pursuant to the authority of the Tennessee Drug Control Act, that he was given a notice of seizure, and did not make a claim within the 15 day period, as required by T.C.A. § 52–1404.

provided for judicial review of the Commissioner's ruling, if such is desired by an aggrieved party.

In the past our Supreme Court has dealt with questions analogous to the case at bar, involving the disposition of property seized incident to violations of the liquor and fish and game laws where, at the time, those laws placed upon some state administrative head the initial responsibility of determining, to the exclusion of the courts, the disposition of the seized property. *See generally State v. McCrary*, 205 Tenn. 306, 326 S.W.2d 473 (1959); *Casone v. State*, 176 Tenn. 279, 140 S.W.2d 1081 (1940). In those cases the Supreme Court, in construing provisions that were then in those statutes and which contained language similar to that found in the statutes with which we are presently concerned, reached the same conclusions as we have in the present case.

Accordingly, we hold that the trial court was without jurisdiction to return the seized vehicle to the appellee. The trial court's ruling is hereby reversed and its order is dismissed.

CORNELIUS, J., and JOHN D. TEMPLETON, Special Judge, concur.