IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 4, 2019

## ABRAHAM ASLEY AUGUSTIN v. BRADLEY COUNTY SHERIFF'S OFFICE ET AL

**Appeal from the Circuit Court for Bradley County**
No. V-16-082          Lawrence Howard Puckett, Judge
_____

### No. E2018-00281-COA-R3-CV
_____

Appellant appeals from the dismissal of his complaint seeking damages for the improper forfeiture of his property seized incident to an arrest. The trial court dismissed the action on the basis of lack of subject matter jurisdiction. We affirm the trial court's dismissal of Appellant's claim for the return of his seized property, as the trial court lacked subject matter jurisdiction to adjudicate that claim. We reverse, however, the dismissal of Appellant's claim for damages related to a bad faith seizure under Tennessee Code Annotated section 40-33-215.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and ANDY D. BENNETT, JJ., joined.

Abraham A. Augustin, Coleman, Florida, Pro se.

Thomas E. LeQuire, Chattanooga, Tennessee, for the appellee, Bradley County Sheriff's Office.

### OPINION

#### BACKGROUND

On February 9, 2016, Petitioner/Appellant Abraham Asley Augustin ("Appellant") filed an action in the Bradley County Circuit Court ("the trial court") seeking a return of "property that [was] forfeited without Due Process" against the Bradley County Sheriff's Department ("the Bradley County Sheriff's Department" or "Appellee"). Because this case was dismissed on a motion to dismiss, we take the facts from Appellant's pleadings and the documents attached thereto. The complaint alleged that Appellant was arrested on

December 3, 2009 by the Bradley County Sheriff's Department on a warrant for kidnapping and robbery. Incident to this arrest in Bradley County, Appellant alleged that both his vehicle and cash were seized. At the time, Appellant signed a notice of seizure form indicating that cash and drugs had been seized. Appellant was then transferred to Hamilton County, where the charges were pending. He was subsequently released on bond.

On December 9, 2009, Appellant was arrested a second time by the Bradley County Sheriff's Department on federal kidnapping charges. Incident to this arrest, Appellant alleged that additional cash and a U-Haul were seized by the Bradley County Sheriff's Department. A notice of forfeiture regarding the seized cash, as well as seized narcotics, indicates that a notice was presented to Appellant, but he refused to sign. A superseding indictment was later issued adding a drug conspiracy to Appellant's kidnapping charge. Although the U-Haul was later released to another party allegedly without Appellant's consent, Appellant alleged the cash was never returned. Appellant remained incarcerated in Bradley County until the resolution of his federal charges, approximately March 2011. According to Appellant, he was acquitted of the drug conspiracy charge but convicted of kidnapping and "murder-for-hire offenses." Appellant has therefore been incarcerated in federal prison throughout the pendency of this case. Appellant was never charged for any crimes in Bradley County.

In 2012, Appellant filed his first action for return of the seized property in the trial court. The action was eventually dismissed for lack of subject matter jurisdiction and expiration of the statute of limitations.

Following the dismissal of his first action, Appellant engaged in federal litigation concerning the seized property. In the course of the federal litigation, on November 12, 2015, Appellant alleged that he finally received information regarding the seizure and forfeiture of his property. Specifically, Appellant alleged that he learned that although the Bradley County Sheriff's Department obtained forfeiture warrants and later forfeiture orders regarding Appellant's "property and cash," documents relative to the seizure were not properly mailed to Appellant as required by statute.[1] According to Appellant's complaint and attached documents, the warrants and orders were in fact mailed to addresses in North Carolina, despite the fact that Appellant resided at the Bradley County jail at all relevant times.[2] Thus, Appellant alleged that the Bradley County Sheriff's Department knowingly and intentionally mailed the notices to an incorrect address,

---

[1] The record contains two December 15, 2009 forfeiture warrants and two May 5, 2010 orders of forfeiture issued by the Tennessee Department of Safety: a warrant and corresponding order concerning $847.00 in cash seized on December 3, 2009, and a warrant and corresponding order concerning $9,850.00 in cash seized on December 9, 2009. The record also contains an April 15, 2011 order of forfeiture concerning Appellant's vehicle issued by the Tennessee Department of Safety. All of the orders of forfeiture stated that Appellant could obtain judicial review by filing a petition in the Davidson County Chancery Court within sixty days of the entry of the order.

[2] Appellant also alleged that one of the two addresses used did not exist.

thereby depriving Appellant of his ability to contest the forfeiture of the property at issue. Appellant further alleged that this action violated his constitutional rights and that he was entitled to "the monetary equivalence" of the seized property and cash, as well as attorney's fees.

On August 1, 2016, Appellant filed a motion for default judgment against Appellee. Appellant thereafter filed additional motions to ensure his participation in the case despite his incarceration and to be awarded punitive damages. On January 17, 2017, the trial court denied the motion for default judgment on the basis that Appellee had not been served.

On February 13, 2017, Appellant filed a motion to amend his complaint to add additional individual defendants and to more fully set forth his claims for relief. In the corresponding pleading styled as a "Statement of Claim," Appellant sought $316,840.00 as the monetary value of the items seized, $2,000,000.00 in compensatory damages for the items seized that had no pecuniary value, and $3,000,000.00 in punitive damages. The statement of claim also names additional parties as individual defendants.[3] Also on the same day, Appellant filed a notice of removal of his action to federal court. On March 10, 2017, the United States District Court for the Eastern District of Tennessee dismissed the federal action as legally frivolous, noting that federal law did not support removal by the plaintiff.

On August 14, 2017, the Bradley County Sheriff's Department filed a motion to dismiss Appellant's complaint, arguing *inter alia*, that the issues raised were barred by the doctrine of res judicata and/or the applicable statute of limitations,[4] and that the trial court lacked subject matter jurisdiction to adjudicate Appellant's claim. With regard to jurisdiction, Appellee contended that Appellant was required to exhaust his administrative remedies with the Department of Safety pursuant to Tennessee Code Annotated section 40-33-201 *et seq.*, and that, in any event, any petition for judicial

---

[3] The trial court never made any specific ruling as to Appellant's amended complaint. At the time it was filed, no responsive pleading had been filed by Appellee. As such, Appellant was free to amend his complaint as a matter of course. *See* Tenn. R. Civ. P. 15.01. Some courts have held, however, that where a plaintiff is entitled to file an amended complaint but instead seeks leave of court to do so, the Court of Appeals cannot correct that choice on appeal. *See City of Oak Ridge v. Levitt*, 493 S.W.3d 492, 497 n.3 (Tenn. Ct. App. 2015) (noting that the plaintiff chose not to take advantage of Rule 15.01 allowance of an amended pleading without leave of court); *Mosley v. State*, No. W2014-01307-COA-R3-CV, 2015 WL 3971883, at *5 (Tenn. Ct. App. June 30, 2015) (indicating that where a plaintiff does not take advantage of its right to amend without leave of the court, this Court cannot correct that choice on appeal). In this case, it appears that Appellee is treating the amended complaint as the operative complaint for purposes of this appeal, as Appellee has indicated no objection to the amendment and has styled its brief as if the amendment naming additional parties was operative. We will therefore also consider the amended complaint as operative for purposes of this appeal.

[4] Specifically, the Bradley County Sheriff's Department submitted that applicable time periods relevant to Rule 59.04 motions to alter or amend, Rule 60.02 motions to set aside a final judgment, and actions for violations of civil rights had all expired.

review should have been filed in Davidson County Chancery Court pursuant to the Uniform Administrative Procedures Act. On December 20, 2017, the trial court granted Appellee's motion to dismiss after concluding that is lacked subject matter jurisdiction to address the issues raised in Appellant's complaint. Appellant thereafter appealed to this Court.

**Discussion**

In this case, the trial court dismissed Appellant's case solely on the basis that it lacked subject matter jurisdiction to adjudicate the claims contained therein. Thus, as we perceive it, a single issue is raised in this appeal: whether the trial court erred in dismissing Appellant's claims for lack of subject matter jurisdiction. According to the Tennessee Supreme Court,

> The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, see *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn.Ct.App.1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal–Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *First Am. Trust Co. v. Franklin–Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (citations omitted) (noting that an appellate court cannot reach the merits of an appeal upon a finding that the trial court lacked subject matter jurisdiction).

This case was resolved on a motion to dismiss. In considering a motion to dismiss, courts "'construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31–32 (Tenn. 2007)). A motion to dismiss should be granted only where the plaintiff "'can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). Our review of the trial court's decision to grant Appellee's motion to dismiss is de novo with no presumption of correctness. *Id.*

Before addressing the merits of the question on appeal, however, we must first address Appellant's pro se status and the state of his brief. As we have previously explained:

> Parties who decide to represent themselves are entitled to equal treatment by the court. **Murray v. Miracle**, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). The court should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. **Id.** However, the court must also be mindful of the boundary between fairness to the pro se litigant and unfairness to the pro se litigant's adversary. **Id.** While the court should give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs, it must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

**Lacy v. Mitchell**, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016). We therefore keep these principles in mind in considering Appellant's compliance with the briefing requirements applicable to this appeal.

Rule 27 of the Tennessee Rules of Appellate Procedure provides specific rules governing briefs filed to this Court. In particular, Rule 27(a) mandates that the briefs filed by appellants in this Court must contain (1) a table of contents; (2) a table of authorities; (3) a statement of the issues presented for review; (4) a statement of the case; (5) a statement of the facts; (6) an argument section; and (7) a conclusion. Tenn. R. App. P. 27(a). With regard to the argument section, Rule 27(a) further provides that the argument contain:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

Tenn. R. App. P. 27(a)(7); *see also* R. Tenn. Ct. App. 6(a) (requiring specific references to the record in the argument section of an appellant's brief). This Court has repeatedly held that failure to substantially comply with Rule 27 will result in a waiver of all issues on appeal. *See, e.g.,* **Masserano v. Masserano**, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at *4 (Tenn. Ct. App. May 22, 2019); **Reece v. Reece**, No. E2015-01610-COA-R3-CV, 2016 WL 4007847, at *2 (Tenn. Ct. App. July 22, 2016) ("A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences" up to and including waiver of all issues on appeal.).

Moreover, "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of an appellate brief as required by Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure constitutes a waiver of the issue." **Bean v. Bean**, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000).

A review of Appellant's initial brief indicates that it does not meet all of Rule 27(a)'s requirements. For example, Appellant's brief does not contain a table of contents or a table of authorities. Likewise, it lacks a statement of the issues presented for review, an integral portion of an appellate brief as issues that are not properly designated are generally waived even when argued in the body of the brief. *See Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue.").

Finally, we note that Appellant's argument on the dispositive issue in this case— the question of the trial court's subject matter jurisdiction—is largely deficient. Here, Appellant spends considerable effort in his brief on issues of fraudulent concealment, newly discovered evidence, due process, service of process, and res judicata. Many of these arguments are properly supported by relevant caselaw. The only argument responsive to the trial court's ruling that it lacked subject matter jurisdiction is as follows:

> IV. <u>THE BRADLEY COUNTY CIRCUIT POSSESSES SUBJECT MATTER JURISDICTION OVER CLAIM 1 AND 2 AND THEREFORE ERRED IN ITS DISMISSAL AND DEPRIVED APPELLANT DUE PROCESS WHEN IT DENIED HIM DEFAULT JUDGMENT ON JANUARY 17, 2017.</u>
>
> When Appellant informed the Court at the dismissal hearing on December 12, 2017 that service was made on February 16, 2016 and therefore the denial of default judgment on January 17, 2017 was erroneous, the Judge continuously remarked that he lacked jurisdiction. The record shows that the Summons was issued on February 9, 2015 to the process server and defendants' employer, the BCSO, which made service on Lt. Bradford on- February 16, 2016.
>
> By the time default judgment was sought on August 14 2016, the defendants had almost 5 months and never responded. On January 24, 2017 the record became clear that service was indeed made on February 15, 2015 and the Court erred in its denial of default judgment. Appellant asks that the case be remanded back to the Circuit Court and the Court be ordered to find that it does possess jurisdiction and grant Appellant's default judgment.

Clearly, this argument contains no references to the record and no citations to relevant authority as required by Rule 27. *See* Tenn. R. App. P. 27(a)(7). Moreover, Appellant's argument appears to conflate subject matter jurisdiction with personal jurisdiction. As

such, Appellant's initial brief contains no properly supported argument responsive to the trial court's dispositive ruling in this case. This failure would generally result in a waiver on appeal. *See Bean*, 40 S.W.3d at 55–56.

We concede that Appellant's reply brief does in some instances make a better effort to address this particular issue.[5] Reply briefs, however, are generally not a vehicle to correct deficiencies in initial briefs. *Fichtel v. Fichtel*, No. M2018-01634-COA-R3-CV, 2019 WL 3027010, at \*19 (Tenn. Ct. App. July 10, 2019) (citing *Kanski v. Kanski*, No. M2017-01913-COA-R3-CV, 2018 WL 5435402, at \*6 (Tenn. Ct. App. Oct. 29, 2018); *see also Ingram v. Ingram*, No. W2017-00640-COA-R3-CV, 2018 WL 2749633, at \*11 n.4 (Tenn. Ct. App. June 7, 2018)). For good cause, however, this Court may suspend the requirements of the rules regarding the form and contents of appellate briefs. *See Bean*, 40 S.W.3d at 54 (citing Tenn. R. App. P. 2). Given that this case involves only a single legal issue, we will exercise our discretion to consider the merits of this appeal notwithstanding the serious deficiencies in Appellant's briefing.

As previously discussed, the basis of the dismissal of Appellant's claims rested on the trial court's conclusion that it lacked subject matter jurisdiction. Although the trial court made no additional findings as to its ruling, we presume that the trial court credited the argument advanced by Appellee both in the trial court and on appeal: that the proper forum for Appellant's requests was the Tennessee Department of Safety. With respect to some of the claims raised by Appellant, we agree.

In order to reach this result, we must first consider the statutory scheme applicable to the forfeiture of Appellant's vehicle and cash. Pursuant to Tennessee Code Annotated section 53-11-451(a), certain property is subject to forfeiture, including controlled substances, vehicles used or intended for use to transport or facilitating the transportation of controlled substances, and all "moneys . . . used, or intended to be used, to facilitate any violation of the Tennessee Drug Control Act . . . ." Tenn. Code Ann. § 53-11-451(a). Property seized under section 53-11-451(a) is subject to the forfeiture scheme outlined in Tennessee Code Annotated section 40-33-201, *et seq.* ("All personal property, including conveyances, subject to forfeiture under . . . § 53-11-451 . . . shall be seized and forfeited in accordance with the procedure set out in this part."). The Tennessee Supreme Court has described the procedure applicable in this situation "as following 'an administrative model for the forfeiture of property.'" *State v. Sprunger*, 458 S.W.3d 482, 495 (Tenn. 2015) (quoting *Helms v. Tennessee Dep't of Safety*, 987 S.W.2d 545, 547 (Tenn. 1999)).

According to the Tennessee Supreme Court, the procedures to which the state must adhere are as follows:

> Under [s]ection 40-33-203, the seizing officer may seize the subject property prior to the issuance of a forfeiture warrant. Tenn. Code Ann. §

---

[5] Appellant essentially responds to the caselaw cited by Appellee. Again, this section of his argument contains no references to the record.

- 7 -

40-33-203 (2012). To notify the affected person of the seizure, the seizing officer must "prepare a receipt titled a 'Notice of Seizure'" and must "provide the person found in possession of the property" the receipt. Tenn. Code Ann. § 40-33-203(a), (c) (2012). Among other things, the Notice of Seizure must include "[t]he procedure by which recovery of the property may be sought, including any time periods during which a claim for recovery must be submitted." Tenn. Code Ann. § 40-33[-]203(c)(5) (2012).

After the initial seizure of the property, no further action may be taken until the appropriate court issues a forfeiture warrant. Tenn. Code Ann. § 40-33-204. The forfeiture warrant authorizes the institution of forfeiture proceedings. Tenn. Code Ann. § 40-33-204(a). The officer who made the seizure must apply for the forfeiture warrant "within five (5) working days following the property seizure." Tenn. Code Ann. § 40-33-204(b)(2012). He or she does so "by filing a sworn affidavit." *Id.* The officer's sworn affidavit must contain specific information detailed in the statute, including the "legal and factual basis making the property subject to forfeiture." Tenn. Code Ann. § 40-33-204(b)(1).

The court considering the seizing officer's application for a forfeiture warrant must conduct an ex parte hearing on the application. Tenn. Code Ann. § 40-33-204(b). The statute mandates that the ex parte hearing "shall be recorded" and specifies: "It is the duty of the court to maintain the recording." *Id.* The court may issue the forfeiture warrant only if it finds the seizing officer offered proof that establishes probable cause to believe that the property is subject to forfeiture, is owned by one whose interest is described in public records, and that the property owner's interest is subject to forfeiture. Tenn. Code Ann. § 40-33-204(c)(1).

If the forfeiture court finds probable cause and issues the forfeiture warrant, it must "have attached to [the warrant] a copy of the notice of seizure." Tenn. Code Ann. § 40-33[-]204(b). The forfeiture court must also "retain the affidavit relied upon in support of the warrant." Tenn. Code Ann. § 40-33-204(g). The statute states: "By signing and issuing the forfeiture warrant, the judge is affirming that the required finding of probable cause necessary to issue the warrant has been made." *Id.* (emphasis added).

Within seven working days of the issuance of the forfeiture warrant, the seizing officer must send the warrant, the notice of seizure, and a copy of the seizing officer's affidavit to the applicable agency. *Id.* In this way, the agency becomes the forum for the forfeiture proceedings. The agency's receipt of the documents from the seizing officer triggers its responsibility to inform any other potential owners of the seized property of the issuance

- 8 -

of the forfeiture warrant. Tenn. Code Ann. § 40-33-204(g). The agency then considers anew the basis for the forfeiture; after considering the notice of seizure and forfeiture warrant "and after interviewing any witnesses," the agency must "release the property if there is no legal and factual basis for forfeiture." *Id.*

If a claimant of the seized property wishes to contest the forfeiture, within thirty days of being notified by the applicable agency of the issuance of the forfeiture warrant, the property owner must file a written claim with the applicable agency. Tenn. Code Ann. § 40-33-206 (2012). The written claim must request a hearing and state the person's interest in the seized property, and the claimant must file any applicable bond. Tenn. Code Ann. §§ 40-33[-]206(a), (b)(1), and -208 (2012). The claimant's compliance with the required procedures then entitles him or her to a contested hearing before the agency under the Uniform Administrative Procedures Act. Tenn. Code Ann. § 40-33-209(d) (2012). Within thirty days after the filing of the written claim and any applicable bond, the agency must establish a hearing date and set the case on its docket. *See* Tenn. Code Ann. § 40-33-207(a) (2012).

At the contested administrative hearing, the State must prove by a preponderance of the evidence that the property at issue is subject to forfeiture. Tenn. Code Ann. § 40-33-210(a) (2012); *see also **Helms***, 987 S.W.2d at 547. The statutes detail what the State is required to prove at the hearing:

> (a) In order to forfeit any property or any person's interest in the property . . . , the state shall have the burden to prove by a preponderance of evidence that:
>
>> (1) The seized property was of a nature making its possession illegal or was used in a manner making it subject to forfeiture under the sections set out in this subsection (a); and
>>
>> (2) The owner or co-owner of the property knew that the property was of a nature making its possession illegal or was being used in a manner making it subject to forfeiture, or, in the case of a secured party, that the standards set out in subsection (f) are met.
>
> (b)(1) Failure to carry the burden of proof shall operate as a bar to any forfeiture and the property shall be immediately returned to the claimant.

Tenn. Code Ann. § 40-33-210 (2012). Any party aggrieved by the agency's decision then has the right to seek judicial review of the agency's decision by filing a written notice in either the Circuit or Chancery Court of Davidson County. Tenn. Code Ann. § 40-33-213(a), (c) (2012). As noted in **Helms**, "[j]udicial review is conducted without a jury and is limited to the administrative record, except to the extent that Tenn. Code Ann. §§ 4-5-322(e) and -322(g) permit the introduction of additional evidence." **Helms**, 987 S.W.2d at 547.

**Sprunger**, 458 S.W.3d at 495–98 (footnotes omitted).

As noted above, the Tennessee Supreme Court has therefore held that where this scheme is applicable, a property owner wishing to contest a forfeiture thereunder "must file a written claim with the applicable agency." **Id.** at 497 (citing Tenn. Code Ann. § 40-33-206). The applicable agency for property seized under the Drug Control Act, section 53-11-451, is the Tennessee Department of Safety. **Helms**, 987 S.W.2d at 547 ("Persons seeking to contest forfeiture of personal property under the Drug Control Act must file a timely claim with the Commissioner of Safety."); *see also* Tenn. Code Ann. § 53-11-201 (referencing the department of safety as the agency charged with administering forfeitures under that chapter, i.e., the Drug Control Act, and noting that a property owner may contest the forfeiture by "fil[ing] with the commissioner at Nashville a claim in writing, requesting a hearing and stating the person's interest in the articles seized"). Where the Department of Safety is the proper agency to administer a forfeiture, the Tennessee Court of Criminal Appeals has held that the Department of Safety has "the exclusive jurisdiction to initially determine whether property seized incident to a violation of the Drug Control Act should be forfeited or returned to the lawful claimant, and has provided for judicial review of the Commissioner's ruling, if such is desired by an aggrieved party." **State v. Moses**, 584 S.W.2d 825, 826–27 (Tenn. Crim. App. 1979). As such, the court concluded that this decision to vest jurisdiction in the administrative agency was "to the exclusion of the courts," thereby depriving courts of subject matter jurisdiction to consider petitions involving return of property allegedly improperly forfeited under section 40-33-201 *et seq*.[6] **Id.** at 827. Indeed, section 53-11-451(d) makes

_____

[6] We note that this Court, following **Moses**, previously dismissed a case on the basis of lack of jurisdiction in **Harmon v. Jones**, No. E2010-02500-COA-R3-CV, 2012 WL 3291792, at *1 (Tenn. Ct. App. Aug. 14, 2012) (holding for forfeitures under the Drug Control Act, exclusive jurisdiction to contest a forfeiture was with the Tennessee Department of Safety). The Tennessee Supreme Court in **Sprunger**, however, took issue with the holding in **Harmon**, noting that it and other cases "trend[ed] in the wrong direction, as they incline away from strict construction of the forfeiture statutes." **Sprunger**, 458 S.W.3d at 499. Specifically, our supreme court disagreed with this Court's decision to "excuse[] the State's failure to comply with the procedural requirements for civil forfeiture" as mere technical violations. **Id.**

Unfortunately, the **Sprunger** Court did not provide guidance as to its specific grievance with **Harmon**. To be sure, the Tennessee Supreme Court, in **Sprunger** or otherwise, has never overruled the holding in **Moses** that where the Tennessee Department of Safety has jurisdiction over a forfeiture, it retains exclusive jurisdiction over that issue to the exclusion of the courts. Moreover, although the

clear that property "taken or detained under this section shall not be subject to replevin[.]"

Appellee contends that the same result is required in this case. With regard to Appellant's vehicle and cash, we agree. Here, the documents in the record indicate that Appellant's vehicle and cash were seized under the Drug Control Act. In particular, the record contains forfeiture orders regarding the cash and vehicle that all specifically state that the property was confiscated pursuant to section 53-11-451 and that generally indicate that the corresponding administrative scheme contained in section 40-33-206 is the proper method of contesting the forfeiture. Likewise, the record also contains two notice of seizure documents concerning the seized cash that specify the method in which to contest forfeiture of the property—one of these notices appears to have been signed by Appellant at the time of his first arrest on December 3, 2009.

Appellant does not agree that the proper forum for his claim was the Tennessee Department of Safety. Instead, he contends that the section 40-33-206 procedure was not

holding in *Harmon* did not rest on this fact, the petitioners in *Harmon* did allege specific violations of the applicable forfeiture statutes, including the failure to provide receipts to the individuals in possession of the property, as required by Tennessee Code Annotated section 53-11-201(a)(1)(A). Thus, the *Sprunger* Court's admonishment in favor of "strict construction of the forfeiture statutes" makes sense in this context. The other cases repudiated by the *Sprunger* Court also involved violations of the express statutory procedures applicable to forfeitures. *See Garrett v. State*, *Dep't of Safety*, 717 S.W.2d 290, 291 (Tenn. 1986) (reversing the Court of Appeals and holding that a failure to hold a hearing within the time provided by statute was a harmless error); *Watson v. Tennessee Dep't of Safety*, 361 S.W.3d 549, 556 (Tenn. Ct. App. 2011) (involving allegations that the seizing officers did not comply with requirements to obtain forfeiture warrants and prematurely sold the property prior to the forfeiture hearing in admitted violation of a statute).

In this case, however, Appellant does not allege that any specific procedural requirements contained in section 40-33-201 *et seq.* or section 53-11-201 were violated. Rather, he argues that Appellee's efforts to notify him of the proceedings did not comport with due process. Importantly, the Tennessee Supreme Court did not expressly abrogate other cases in which the jurisdiction of the Department of Safety, and the corresponding procedure for obtaining judicial review, was confirmed despite arguments concerning due process. *See Bryant v. Greene*, No. 01A01-9509-CH-00398, 1997 WL 170340, at *1 (Tenn. Ct. App. Apr. 11, 1997) (holding that the procedure for judicial review under section 40-33-213 was applicable notwithstanding the property owner's argument that he did not receive sufficient notice of the forfeiture order). Thus, although "the proceeding is conditioned upon compliance with the conditions prescribed," Appellant simply does not allege that Appellee failed to comply with any particular statutory conditions. *Sprunger*, 458 S.W.3d at 499 (citing *Wells v. McCanless*, 184 Tenn. 293, 297, 198 S.W.2d 641, 643 (Tenn. 1947) ("Forfeiture by original seizure depends upon[] the statute.")). As such, *Moses* remains good law in this situation, and we must follow it. *See* Tenn. R. Sup. Ct. 4(G)(2) ("Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction."); *see also Skernivitz v. State*, No. M2016-00586-COA-R3-CV, 2017 WL 465329, at *3 (Tenn. Ct. App. Feb. 3, 2017) (citing *Orr v. Tennessee Dep't of Safety*, No. M2012-02711-COA-R3CV, 2014 WL 468230, at *3 (Tenn. Ct. App. Feb. 4, 2014)) ((applying the sixty-day time limit applicable to petitions for judicial review under section 40-33-213 despite an allegation that the seizing officer did not comply with applicable statutes).

applicable because he was never charged with a drug crime in Bradley County and was never convicted of a drug offense, as he was acquitted of the federal drug conspiracy charge. Thus, Appellant contends that the Drug Control Act and the forfeiture authorized by section 53-11-451 were not implicated in this case. However, as the Tennessee Supreme Court explained in *Sprunger*, "under Tennessee's statutes, forfeiture can occur even where the underlying criminal charges are dismissed." *Sprunger*, 458 S.W.3d at 493 n.19 (noting the criticism of such a scheme by some legal scholars). As such, the lack of conviction on drug charges is simply not a bar to the application of the administrative forfeiture scheme under section 40-33-201 *et seq. See Hargrove v. State, Dep't of Safety*, No. M2004-00410-COA-R3-CV, 2005 WL 2240970, at *3 (Tenn. Ct. App. Sept. 15, 2005) (citing *Stuart v. State Department of Safety*, 963 S.W.2d 28 (Tenn. 1998)) ("We think the various statutory schemes, and the various statutes, clearly reveal the legislative intent to authorize forfeiture even in cases where the party was found innocent of the offense giving rise to the forfeiture action, an in rem proceeding against the property only.").

Here, the record shows that on both arrests, Appellant was found with large amounts of cash and illegal drugs. Eventually, he was charged in a drug conspiracy in federal court. The notice of seizures allegedly provided to Appellant at the time of his arrest specifically stated that the property was seized as being "narcotics related" and therefore subject to the administrative procedures outlined in section 40-33-201 *et seq.* Even viewing the allegations liberally in favor of Appellant, we must conclude that the procedure applicable under section 40-33-201 *et seq.* was the appropriate procedure for contesting the forfeiture of the cash and vehicle seized in this case. Consistent with the Tennessee Supreme Court previous opinions, Appellant was therefore required to file a claim with the Tennessee Department of Safety to contest the forfeiture of his property. *See Sprunger*, 458 S.W.3d 482, 497 (citing Tenn. Code Ann. § 40-33-206) ("If a claimant of the seized property wishes to contest the forfeiture, within thirty days of being notified by the applicable agency of the issuance of the forfeiture warrant, the property owner **must** file a written claim with the applicable agency.") (emphasis added).[7]

There is no dispute that Appellant failed to file any claim with the Tennessee Department of Safety. As such, Appellee contends that this matter was properly dismissed, as the Tennessee Department of Safety has exclusive jurisdiction over claims for forfeited property under section 40-33-206. *See Moses*, 584 S.W.2d at 826–27 ("The legislature has vested the Commissioner of Safety with the exclusive jurisdiction to initially determine whether property seized incident to a violation of the Drug Control Act should be forfeited or returned to the lawful claimant, and has provided for judicial review of the Commissioner's ruling, if such is desired by an aggrieved party."); *see also*

---

[7] We do not opine as to whether the property was subject to forfeiture or whether Appellee strictly complied with all applicable requirements, only that the section 40-33-201 et seq. procedure was applicable.

***Redd v. Tennessee Dep't of Safety***, 895 S.W.2d 332, 335 (Tenn. 1995) ("In [section] 53-11-201, the General Assembly has granted broad power to the Commissioner of Safety to determine whether confiscated property is subject to forfeiture."). Appellant argues, however, that such a requirement should not be imposed on him because he was unable to meet the time deadlines contained in section 40-33-206 due to Appellee's failure to provide him notice.

As previously discussed, Appellant contends that the he was not provided notice of the forfeiture warrants or orders of forfeiture until November 12, 2015, approximately four years after the last order of forfeiture was entered. As such, Appellant contends that Appellee's own failure to provide him notice consistent with due process deprived him of the ability to administratively contest the forfeitures under section 40-33-206. We agree that Appellant's allegations, taken as true, indicate that the notice provided to Appellant may have been ineffective.

Here, while Appellant was residing in the Bradley County jail, the relevant documents were sent to addresses in North Carolina. In order to comport with due process, notice of the forfeiture "must be given in a manner reasonably calculated to notify all interested parties of the pending forfeiture of the property in order to afford the opportunity to object to the State's taking." ***Redd***, 895 S.W.2d at 334–35. Although the Due Process Clause does not require "heroic efforts by the Government[,]" notice "must be 'reasonably calculated' to apprise a party of the pendency of the action[.]" ***Dusenbery v. United States***, 534 U.S. 161, 170, 122 S. Ct. 694, 701, 151 L. Ed. 2d 597 (2002). Thus, the United States Supreme Court has held that an effort at notice was sufficient when the government sent the notice to the petitioner at the correctional facility where the petitioner was housed. ***Id.*** at 168–69 (noting that the notice was also sent to the address where the petitioner was arrested, an address in the town where the petitioner's mother lived, and in the newspaper where the forfeiture was to take place). Arguably, the notice provided in this case did not meet such a requirement where Appellee was housing Appellant in its own jail yet chose to send the notice elsewhere. *See **Nicholas v. Tennessee Dep't of Safety & Homeland Sec.***, No. M2017-01674-COA-R3-CV, 2018 WL 3831518, at *6 (Tenn. Ct. App. Aug. 13, 2018) (citing ***Helms v. Greene***, No. 01A01-9505-CH-00194, 1997 WL 36846, at *3 (Tenn. Ct. App. Jan. 31, 1997), *aff'd sub nom.* ***Helms v. Tennessee Dep't of Safety***, 987 S.W.2d 545 (Tenn. 1999)) ("Courts typically do not consider sending a letter to a party's last known address to constitute adequate notice if the sender knows 'that the person no longer lives at that address' and if the person's new address is known or easily ascertainable.").

Still, we cannot conclude that the alleged lack of notice in this case changes the administrative procedures applicable to Appellant's effort to contest the forfeiture. Here, the procedures contained in section 40-33-206 allow a property owner to file a claim within thirty days "of being notified by the applicable agency" of the forfeiture warrant. Tenn. Code Ann. § 40-33-206(a). Thus, it appears that the question of whether notice comported with due process so as to trigger the thirty day period for filing a claim should

- 13 -

be litigated in the agency. Indeed, other cases have inferentially approved this practice. For example, in ***Nicholas v. Tennessee Department of Safety & Homeland Security***, the property owner filed a claim in the Tennessee Department of Safety to contest the forfeiture of property seized in a drug arrest. 2018 WL 3831518, at \*1. Eventually, the Tennessee Department of Safety sent a notice of forfeiture proceedings to the property owner at a Tennessee address on May 16, 2014. On June 19, 2014, the property owner filed a claim with the Tennessee Department of Safety. The department promptly dismissed the claim as untimely. The property owner thereafter filed a timely petition for judicial review, arguing that his claim was timely because it was filed within thirty days of actually receiving the notice. The trial court reversed the dismissal, holding that the thirty day time period began to run when the property owner received the notice. ***Id.*** at \*2.

The Court of Appeals ultimately affirmed the trial court on different grounds. First, the court held that under section 40-33-206(a), the time for filing a claim "commences on the date a party is given notice satisfying all statutory and constitutional requirements." ***Id.*** at \*6 (distinguishing this period from the period applicable to secured parties). The court went on to hold, however, that the notice provided did not comply with due process because it provided "a misleading characterization of the commencement of the applicable time period to file a claim that may, as occurred in this case, lead unsuspecting claimants to believe they have longer to file a claim than they, in fact, have." ***Id.*** at \*7. Because the notice was insufficient, the court held that the thirty-day time period contained in section 40-33-206 did not begin to run until the date the notice was delivered, rendering the property owner's claim timely. As such, the court affirmed the trial court's decision to reverse the dismissal, reinstate the property owner's claim, and remand to the agency for a hearing on the merits. ***Id.*** at \*7. Thus, the fact that the notice did not comport with due process did not take the claim out of the jurisdiction of the Tennessee Department of Safety, but merely altered the date upon which a timely claim could be filed. In another case, the Tennessee Supreme Court came to a similar conclusion, holding that a claim should not have been dismissed as untimely where proper notice to the interested party was not provided; a claim had, however, been filed with the proper agency. *See **Redd***, 895 S.W.2d at 335 (remanding to the trial court for a trial on the merits). Thus, taking Appellant's allegation that the notice provided was insufficient and he only obtained actual notice of the proceedings on November 12, 2015, the proper avenue of relief should have been to then file a claim with the Tennessee Department of Safety. There is no dispute, however, that Appellant never filed any claim with the applicable agency.

Of course, judicial review is not entirely foreclosed under these circumstances. Specifically, the version of Tennessee Code Annotated section 40-33-213 applicable during the relevant time provided that a "party aggrieved by the decision of the applicable agency may seek judicial review of the decision by filing a written notice of review" in

- 14 -

the circuit or chancery court of Davidson County.[8] Tenn. Code Ann. § 40-33-213(a), (c) (2015).[9] The petition for review is "conducted in the same manner as is provided in § 4-5-322, for a contested case hearing under the Uniform Administrative Procedures Act ["UAPA"], compiled in title 4, chapter 5." *Id.* § 40-33-213(b). Under Tennessee Code Annotated section 4-5-322, petitions for judicial review must be filed "within sixty (60) days after the entry of the agency's final order thereon." Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv).

Here, even construing Appellant's petition as one for judicial review, it does not comply with the applicable statutes. First, the petition was not filed in the appropriate county. *See* Tenn. Code Ann. § 40-33-213(c). The UAPA provides, however, that this mistake is not fatal, as section 4-5-322(b)(2) states that "[i]n a case in which a petition for judicial review is submitted within the sixty-day period but is filed with an inappropriate court, the case shall be transferred to the appropriate court." Of course, the above provision requires that the petition be "submitted within the sixty-day period[.]" Tenn. Code Ann. § 4-5-322(b)(2). Unfortunately, Appellant has failed to meet this requirement. For one, there can be no dispute that Appellant failed to seek judicial review within sixty days of the issuance of any of the administrative forfeiture orders. Moreover, even taking Appellant's allegation that he did not receive notice of the orders until November 12, 2015, and assuming, arguendo, that this is the date upon which the sixty-day time period began to run, Appellant's petition was filed well outside the sixty-day time period.[10] "A party's failure to file a petition for review on or before the statutory deadline prevents the courts from exercising their jurisdiction to review the agency's decision." ***Davis v. Tennessee Dep't of Employment Sec.***, 23 S.W.3d 304, 307–08 (Tenn. Ct. App. 1999 (citing ***Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization***, 999 S.W.2d 773, 776 (Tenn. 1999)). Where Appellant did not attempt to file a claim in the applicable agency and did not seek judicial review of the agency's decision within sixty days of being notified of it, at the latest, we must conclude the trial court did not err in holding that it was deprived of jurisdiction to consider any effort to reclaim the forfeited property. *See* ***Bryant***, 1997 WL 170340, at *1–*2 (affirming the trial court's finding of lack of jurisdiction, where the property owner alleged that notice of the forfeiture proceedings was insufficient but did not file a petition for judicial review within sixty days of admittedly obtaining actual notice of the forfeiture order).

Despite Appellee's argument otherwise, this holding does not end our inquiry. Here, a review of Appellant's pleadings reveals that he does not seek simply a return of

---

[8] The orders of forfeiture contained in the record likewise state that Appellant is entitled to judicial review.

[9] Section 40-33-213 was amended effective January 1, 2019 to provide additional counties in which such an action could be filed. *See* 2018 Tenn. Laws Pub. Ch. 772 (H.B. 2021). Bradley County was not included as a proper county in the amended statute. For purposes of this case, we refer to the prior version.

[10] Appellant's initial complaint was filed on February 9, 2016, over eighty days after he alleges that he learned of the forfeiture proceedings.

- 15 -

his property, but rather monetary damages that resulted from his seized property, as well as attorney's fees. This is particularly important as to Appellant's allegation that Appellee improperly disposed of his U-Haul and its contents, as none of the documents in the record indicate that it was seized in accordance with procedures outlined in section 40-33-201 *et seq*. With regard to this property, as well as the cash and vehicle, Appellant alleges that Appellee's misconduct was knowing, reckless, and intentional, as well as conducted with malice and deceit, resulting in significant monetary damages to Appellant. Thus, Appellant appears to argue that Appellee's employees acted improperly with regard to the seizure of the cash, vehicles, U-Haul, and its contents.

In our view, these allegations implicate the cause of action outlined in Tennessee Code Annotated section 40-33-215, which provides that "[a] person who has property seized in accordance with this part shall have a cause of action against the seizing agency if the seizing officer acted in bad faith in seizing or failing to return property seized pursuant to this part." According to the statute, a seizing officer acts in bad faith "when the officer acts intentionally, dishonestly, or willfully or the officer's actions have no reasonable basis in law or fact in regards to the seizure or failure to return the property seized." Tenn. Code Ann. § 40-33-217(d). Prevailing on such a claim entitles the property owner to reasonable attorney's fees and costs and monetary damages, exactly the types of damages sought by Appellant in his amended complaint.[11] *Id.* § 40-33-217(b). As such, it appears that while Appellant did not specifically reference section 40-33-215 in his pleadings, giving effect to the substance of his pleadings, rather than its terminology, a claim under section 40-33-215 was fairly raised by Appellant's amended complaint. *See* ***Hessmer v. Hessmer***, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003) (citing ***Rampy v. ICI Acrylics, Inc.***, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994)) ("Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.") (citation omitted).

To the extent that this claim was implicated by Appellant's pleadings, it was not specifically addressed by Appellee's motion to dismiss or the trial court's order. As previously discussed, the trial court dismissed this case solely on the basis of lack of subject matter jurisdiction. Nothing in Appellee's motion to dismiss or brief addresses the trial court's subject matter jurisdiction over a claim filed pursuant to section 40-33-215. Likewise, the trial court's order provides no guidance as to this particular claim. Although few cases have considered this statute, the little caselaw on this subject reveals that these cases have been filed as original actions in the counties where the property was seized. *See* ***Morton v. Knox Cty. Sheriff's Dep't***, No. E2017-02077-COA-R9-CV, 2019 WL 645042 (Tenn. Ct. App. Feb. 15, 2019), *perm. app. denied* (Tenn. June 19, 2019) (involving a section 40-33-215 claim filed in the circuit court of the county where the

---

[11] Section 40-33-215(c) appears to limit the damages allowed to "the value of the seized property." As such, Appellant's claim for punitive damages may not be authorized by the statute. This is a proper matter to be litigated upon remand.

property was seized). As such, at this time, we have been presented with no authority to suggest that a section 40-33-215 claim could not be filed in the Bradley County Circuit Court. The trial court's ruling that it lacked subject matter jurisdiction over this claim therefore appears to have been in error.

In sum, the trial court correctly dismissed any claim for the return of the property seized under Tennessee Code Annotated section 40-33-201 *et seq*. where Appellant failed to file a claim for the property with the Tennessee Department of Safety and failed to file a timely petition for judicial review pursuant to the UAPA. Nothing in Appellant's arguments to the trial court or this Court indicate that the same result is required of Appellant's claim under section 40-33-215. As such, we reverse the dismissal of Appellant's claim for damages pursuant to that statute.[12]

## CONCLUSION

The judgment of the Bradley County Circuit Court is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings in accordance with this Opinion. Costs of this appeal are taxed one-half to Appellant Abraham Asley Augustin, and one-half to Appellee the Bradley County's Sheriff's Department, for all of which execution may issue if necessary.

$$\overline{\phantom{J. STEVEN STAFFORD, JUDGE}}$$

J. STEVEN STAFFORD, JUDGE

---

[12] Appellant's 40-33-215 claim may have other fatal defects, including, but not limited to, issues regarding the statute of limitations, or other issues of subject matter jurisdiction yet to be raised. Because neither the trial court nor the parties appear to have addressed these issues in the trial court, we leave these issues to be raised and resolved upon remand.